## Huling *against* Hugg.

A set-off can only be made of a debt or demand which existed at the time of the commencement of the action: and the defendant must be able to show that it was then his.

A negotiable note, payable to the order of the plaintiff, need not be endorsed by him before suit brought.

ERROR to the Common Pleas of *Mifflin* county.

Hugg & Bell against David W. Huling.    This was an action brought upon the acceptance of the following bill:

"$900.          " *Lewistown, Mifflin county, November 29th* 1836.

"Sixty days after date pay to the order of Hugg & Bell nine hundred dollars for value received, without defalcation.
                                                    " JACOB FORNEY.
"To D. W. HULING, ESQ."

          Endorsed,          " Accepted, D. W. HULING."

31st January 1837, protested for non-payment.

The defendant offered in evidence by way of set-off a judgment obtained in the District Court of the city and county of Philadelphia, at the suit of John A. Brown & Co., for the use of D. W.

[Huling v. Hugg.]

Huling, for $607.21, obtained on the 22d July 1837, on a note dated 11th October 1836, payable in six months.

This evidence was objected to by the plaintiff, on the ground that the judgment was obtained after the present suit was brought, which was 15th March 1837, and that the note on which the judgment was founded was not then due. And that the defendant had not shown when he became the owner of the note or the judgment which he proposed to set-off.

The court below sustained the objection, and rejected the evidence. The defendant then requested the court to charge the jury that the plaintiff could not recover in this action upon the evidence which he had given: he not having endorsed the note before he brought suit.

The court, however, (Burnside, President) instructed the jury that that was not necessary, and directed a verdict for the plaintiff.

*Huling, in propria persona*, argued that our statute of set-off is more extensive than the English statute: and under the equitable powers of the court, defalcation is admitted when the rights of third persons are not concerned, even though the debt was not due at the time of suit brought. 8 *Watts* 443; 1 *Rawle* 227; 9 *Watts* 196; 5 *Serg. & Rawle* 201; 15 *Serg. & Rawle* 63; 7 *Watts* 464; *Comyn Rep.* 109; 4 *Johns.* 63.

*Benedict*, for defendant in error, contended that the debt proposed to be set-off must be due when the suit is brought; the rights of the parties must be tried as of that period; and cited 15 *Serg. & Rawle* 63; 9 *Watts* 126; 3 *Johns. Cas.* 145; 19 *Johns.* 322; 2 *Johns.* 274; 4 *Watts* 390.

*J. Fisher*, in reply.

The opinion of the Court was delivered by

ROGERS, J.—A debt or demand to be set-off under the statute, must be an existing debt or demand, at the time of the commencement of the suit. *Carpenter* v. *Butterfield*, 3 *Johns. Cas.* 145; *Jefferson County Bank* v. *Chapman*, 19 *Johns.* 324. To avail himself of a set-off, a defendant must prove when it came to his hands. *Ogden* v. *Comly*, (2 *Johns.* 274, 8.) These decisions are recognized in *Morrison* v. *Moreland*, (15 *Serg. & Rawle* 63,) and in *Stewart* v. *The United States Insurance Company*, (9 *Watts* 126.) The defendant rests his defence on what he calls the equity of his case; but it is difficult to perceive in what its peculiar equity consists. The defendant accepted an inland bill of exchange, which failing to pay when due, it was protested for non-payment, and suit was brought to enforce the performance of the contract. At the commencement of the suit, he had no defence whatever, but he afterwards purchased for the purpose, or procured in the

[Huling v. Hugg.]

usual course of business, and had assigned to him, the debts, one a judgment, the other a note, which he offers as a set-off to the plaintiff's demand. In nothing does it differ from *Carpenter* v. *Butterfield*, where this point is fully examined, and where most of the arguments which have been urged here are noticed by the court. The objection to the judgment is not because it is in that form, for that would be unavailable, but because it was not the property of the defendant until suit brought. And this appears as well from the admission of the defendant, as from the testimony itself. There is an additional objection to the note, that it was not due at the institution of the suit.

It is also said, the court erred in refusing to instruct the jury that from the face of the note the plaintiff could not recover without endorsing it. There is nothing in this exception; the note is payable to the order of the plaintiff, and does not require an endorsement to enable the payee to maintain a suit on it. A bill payable to the order of A, is the same as if payable to A or order.

Judgment affirmed.