## Scott, Executor, &c., *versus* Fritz.

1. Haars gave a mortgage to Fritz, who afterwards took a lease of the mortgaged premises. The premises were sold after the death of Haars, and Fritz continued to occupy as tenant under the subsequent owners. In a *scire facias* on the mortgage by Fritz against the executor of Haars, the rents due by Fritz to the subsequent owners were not payment on the mortgage-debt, nor could they be used as set-off.

2. The rent due to the subsequent owners accrued under a different right from the mortgage, and was not a perception of profits under it; in the *scire facias* it was *res inter alios acta*.

ERROR to the District Court of *Philadelphia*.

This was a *scire facias sur mortgage* by Peter Fritz against Freeman Scott, executor, &c., of Jacob Haars, deceased. The mortgage was from Jacob Haars to Elizabeth Fritz, widow, Peter Fritz, Frederick Fritz and Susanna Laws, her children, on two lots, and was to secure the payment of $80 to the widow annually during life, and the principal sum of $1333.33 to her said children after death. Peter Fritz afterwards bought one of the lots and leased the other from Haars; he also became the owner of the share of Frederick Fritz in the mortgage. Some years afterwards Haars died leaving a will, of which Freeman Scott is the executor. Haars's real estate was sold by order of the Orphans' Court subject to the mortgage, and the lot leased to Fritz became vested in Elizabeth Urusta, who devised it to her daughter Mary Scott wife of Freeman Scott. Mrs. Urusta leased the lot to Fritz; he owed her several years rent at her death: and owed rent also to Mrs. Scott, under whom he continued tenant.

After the expiration of his lease Fritz issued this *scire facias;* the plea was payment with leave, but there was no notice of set-off.

The defendant proved by S. H. Perkins, Esq., that in 1857, he, as the counsel of Mr. Scott met the counsel of Mr. Fritz " to settle the accounts between the parties, to examine as to the rent and amount of bonds, and decide which way the balance was. This investigation we went into in accordance with the agreement of the parties: there had been several rents and replevins, and we were to settle the whole matter."

The case was tried before Sharswood, P. J.: there was a verdict for the plaintiff for $676.43. The exceptions taken on the trial appear by the specification of errors, to wit:—

The court erred,—1. In rejecting the testimony offered by the defendant, that the title to the mortgaged premises subject to the mortgage, became vested in Elizabeth Urusta in 1851, and, on her death, in Mary Scott the wife of the defendant in 1858; that during the ownership of these parties the plaintiff occupied the mortgaged premises as tenant; and that during this occupancy rent accrued, and remained unpaid, to an amount more than suffi-

[Scott *v.* Fritz.]

cient to pay the mortgage; that Mrs. Elizabeth Urusta devised all
her estate to her daughter the said Mary Scott.

2. In rejecting the same offer after the testimony of Samuel
H. Perkins, Esq.

*J. Cooke Longstreth* and *E. H. Sharp*, for plaintiff in error.—
The questions are—1. Whether rent for the mortgaged premises
occupied by mortgagee under a parol demise, is not to be consi-
dered in nature of payment on the mortgage : Hilliard on Mort-
gages, p. 418, § 2, p. 424, § 20.

2. Whether the evidence of Mr. Perkins was not sufficient to
be submitted to the jury, that the parties had agreed that the
rents should be considered payments on the mortgage : Hilliard
on Mortgages, p. 460, § 24; Myers's Appeal, 6 Wright 518.

*W. S. Peirce*, for defendant in error.—No notice having been
given of set-off, the defendant was confined to evidence under the
plea of payment.   Mutual debts do not *per se* extinguish each
other; such extinguishment must be by some act of the parties :
Post *v.* Carmalt, 2 W. & S. 70 ; Hines *v.* Barnitz, 8 Watts 39;
Carmalt *v.* Post, Id. 406.

The accounts of which Mr. Perkins speaks were not accounts
between the parties to this suit.

This is the case of a mortgagee in possession as a tenant, to pay
rent to whomsoever the premises belonged ; not a mortgagee in
possession for the purpose of taking the profits and applying them
to the mortgage-debt.

The opinion of the court was delivered, January 23d 1866, by
AGNEW, J.—Fritz, the plaintiff, was the owner of a mortgage
given to him by Haars, of whom Scott, the defendant, is executor.
Haars's real estate having been sold by order of the Orphans'
Court, the lot in question, subject to the mortgage, vested by the
sale in Dr. Elkinton, who sold it to Mrs. Urusta, the mother of
Mrs. Scott, to whom she devised it.   After Mrs. Urusta's pur-
chase she leased the lot to Fritz, the mortgagee, who at her
decease owed her for several years' rent.   He owed rent also to
Mrs. Scott, under whom he continued as a tenant.   Fritz, after the
expiration of his tenancy, having sued out this *scire facias sur
mortgage*, Mrs. Scott came in and asked to defend, but afterwards
suffered her rule to be discharged.   The case came on for trial,
therefore, between Fritz, the mortgagee, and Scott, the executor
of Haars, the mortgagor, on the plea of payment with leave ; but
without notice of any set-off as required under the rules of the
District Court.   The only question, therefore, was whether these
facts operated to extinguish the mortgage.   Of themselves, they
were neither payment nor set-off between the parties litigating.

[Scott *v.* Fritz.]

Fritz clearly owed the estate of Haars nothing. He was debtor to Mrs. Urusta for rent reserved upon his lease. But though she held subject to the mortgage, and if she had been party to the action possibly might, to prevent circuity, have set off her debt against the mortgage-debt encumbering her property, she was not bound to do so, but could have sued Fritz for the rent. It was therefore no payment. Nor was it an extinguishment in law. Fritz did not enter under his mortgage, but under his lease. Then as the rent upon the lease accrued to Mrs. Urusta under a different right and was subject to her suit, it was no perception of profits under the mortgage. Besides, though rent is, generally speaking, the legal measure of profits, it is not necessarily so, and the profits arising from actual possession might have been greatly more or less than the sum agreed upon by the parties as rent, for the sum may be fixed to suit other terms of the contract of lease. As between the parties to the *scire facias,* the rent was *res inter alios acta.* The evidence therefore did not prove payment or legal satisfaction, and was clearly not admissible as a set-off.

The offer founded on the testimony of Mr. Perkins did not help the case. It proved only a reference to him and Mr. Baker to examine the rent and amount of bond, and decide which way the balance was. There had been several rents and replevins, and they were to settle the whole matter. But he proved no agreement that the rent should be accepted in satisfaction of the mortgage or bond debt. Without this a settlement of the amounts was but a settlement to ascertain how the balance would stand, in a reference between persons one of whom is no party to the cause. It failed to show, therefore, a defence of which Scott, as executor of Haars, the mortgagor, could avail himself. As to him the only available defence was actual satisfaction in fact or in law.

Judgment is affirmed.