ELIZA C. DURGIN *et als vs.* BENJAMIN W. BARTOL.

*Promissory note.*

A note payable to the order of A. B., is, in contemplation of law, a note payable to A. B., or order, and may be sued in the name of A. B. without indorsement.

ON EXCEPTIONS.

ASSUMPSIT, upon a promissory note of this tenor :—

$100.00.                                                "April 13, 1871.

On demand, for value received, I promise to pay to the order of either Eliza C. Durgin, Almyra H. Durgin, or Eliza C. Durgin, 2d, one hundred dollars with interest.

BENJAMIN W. BARTOL."

The three persons named in the body of the note brought this suit jointly thereon, there being no indorsement upon the back of the note. The defendant contended that it could not be maintained and that there was no enforceable contract until one or more of the three plaintiffs had indorsed the note, but the justice of the superior court, where the action originated, ruled otherwise and the defendant excepted.

*J. O'Donnell* for the defendant.

A note or bill payable to the order of an individual is not a valid contract until indorsed by the party to whom it is made payable. It is not negotiable, and therefore is not a contract, till indorsed. "It is the indorsement alone that gives it efficacy." *Smalley* v. *Wight,* 44 Maine, 446.

*E. S. Ridlon* and *J. C. Woodman* for the plaintiff.

DICKERSON, J. The judge of the superior court ruled *pro forma,* that this action is maintainable in the name of the plaintiffs without indorsement, though the note is payable to their order, and the defendant excepted to this ruling.

It is familiar law that an action on a note payable to A. B., or

order, cannot be maintained in the name of C. D., unless it is indorsed by A. B. So, in general, an action cannot be maintained upon a note or bill payable to the order of the maker or drawer until it is indorsed. *Smalley* v. *Wright*, 44 Maine, 445; *Foster* v. *Shattuck*, 2 N. H., 446.

The reason for the rule in the latter case is that the contract is not complete until the note is indorsed by the maker; it can only become a complete contract by being negotiated. But no such reason obtains in the case at bar. The plaintiffs became the owners of the note upon its delivery, with the right to enforce payment thereof without negotiating it. The law does not require the meaningless formality of making such a note payable to the plaintiffs by their own indorsement thereon. In contemplation of law, the contract of the parties, as between themselves, means the same without as with such indorsement: a note payable to the order of A. B., is a note payable to A. B., or order. *Howard* v. *Palmer*, page 86, *ante*. *Huling* v. *Hogg*, 1 Watts & Serg., 418; Story on Promissory Notes, § 36.     *Exceptions overruled*.

APPLETON, C. J., WALTON, BARROWS, VIRGIN and PETERS, JJ., concurred.