## Gunnis, Barritt & Co. *versus* Cluff.

1. The defendant in an attachment under the Act of March 17th, 1869, P. L., 8, after the attachment has been dissolved by the court, and the action is continued, as in a case of summons for debt, cannot in said action set off the damages which he has sustained by reason of said attachment.

2. There can be no breach of the bond, required by said Act before the attachment can issue, and consequently no right of action on it, until the attachment is dissolved by the court, or fails by reason of the inability of the plaintiff to sustain his claim.

3. A set-off is in substance a cross action, and a cross demand must be complete when the action was instituted. A cause of action incomplete at the impetration of the said writ of attachment is not available as a set-off in the prosecution of the action, as if begun by summons.

4. Plunkett *v.* Sauer, 5 Out., 356, distinguished.

January 14th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ. CLARK, J., absent.

ERROR to the Court of Common Pleas, No. 4, of *Philadelphia county:* Of January Term, 1885, No. 231.

This was an attachment under the Act of 1869, by D. B. Cluff against William R. Gunnis, Charles H. Barritt and Albert Smyth, trading as Gunnis, Barritt & Co., issued November 14th, 1884.

On October 31st, 1884, the firm of Gunnis, Barritt & Co., commission merchants, doing business at 524 Market street, Philadelphia, defendants below, being indebted to D. B. Cluff, of Haverhill, Massachusetts, were called upon by him, and upon his statement that he needed the cash, gave him their check on the Spring Garden Bank, Philadelphia, for $518.80, dated that day, but made payable November 10th, 1884. They distinctly stated to said Cluff at that time, that they had no money in bank then to meet the check, but would do the best they could to meet it when it was made payable. On November 10th, 1884, the check was presented for payment, but by reason of Gunnis, Barritt & Co. being disappointed in the receipt of funds sufficient to meet all their engagements on that day, they were unable to meet it. Moreover, it having been arranged between them and Cluff on October 31st, that he should use the check at his home at Haverhill, Massachusetts, they did not expect the check to be presented for payment until a day or two after November 10th, which would have been in the due course of collection. Cluff thereupon

on November 14th, 1884, made an affidavit that the debt aris-
ing upon said check had been fraudulently contracted, and
having made a deposit of $1,000, more or less, with the pro-
thonotary of Philadelphia county, in lieu of the bond required
by law, issued an attachment under the Act of March 17th,
1869, and attached all the property of Gunnis, Barritt & Co.
at their store, their bank account with the Spring Garden
Bank, and all the goods of their consignors. A rule to dis-
solve this attachment was instantly taken by Gunnis, Barritt
& Co., and on November 22d, promptly made absolute by the
court below. A motion for re-argument was made on Decem-
ber 1st, 1884, by the plaintiff, and refused by the court. He
then proceeded with his suit under the clause of summons in
the writ, having filed on November 17th, a copy of the check
upon which his action was founded. The defendants below
filed an affidavit of defence in which they claimed the right to
set off against the plaintiff's demand, the damages they had
sustained in business, credit and reputation, and in the inter-
ference in the conduct of their business by reason of the un-
lawful attachment proceedings, which damages amounted to
more than the plaintiff's claim. The court below, however,
made absolute the rule for judgment for want of a sufficient
affidavit of defence.

A motion for a re-argument was made and refused. Judg-
ment was then entered for the plaintiff for $522.83, and there-
upon the defendants took this writ, assigning for error the
entering of the judgment.

*John Sparhawk, Jr.*, for plaintiffs in error.—It is now the
settled law of this state, that the damages accruing to a defen-
dant by reason of ill-advised and unwarrantable attachment
proceedings against his property under the Act of 1869 can
be recovered in an action on the bond, and being so recovera-
ble, may be set off against the plaintiff's claim in any subse-
quent suit brought by him. This was decided so late as
October, 1882, in the case of Plunkett *v.* Sauer, 5 Out., 356.

In this case the plaintiff did not give a bond, but deposited
money to the same amount in lieu thereof. He is liable to an
action of debt to recover the amount of damages resulting
from his unwarrantable process. Before the attachment can
issue the plaintiff must, (*a*) file an affidavit setting out the
fraud; (*b*) file a bond.

The plaintiff, before the suit begins, is required by the law
to make his contract that he will respond in damages if he do
not maintain his action. The loss relates back to the time
the contract was made. The cause of action on part of
the defendant for damages on the plaintiff's contract to main-

1 AMERMAN—33

tain his action or respond in damages, is therefore complete before the attachment goes out.

*C. Stuart Patterson*, for defendant in error.—The alleged set-off does not constitute a defence to this action.

1. Before issuing the writ the plaintiff gave a bond or money in lieu thereof, conditioned that if he fail to prosecute his action and recover a judgment against the defendants he would pay the defendants all legal costs and damages which said defendants sustained by reason of the attachment. Now, until this suit be prosecuted to judgment, and the plaintiff fail, the condition of the bond would not be broken. There would therefore be no right of action on the bond during the prosecution of this case. The cause of action is not complete, and cannot be set off in this case.

2. If the specific remedy given to the plaintiffs in error by the terms of the Act of 1869, were not exclusive of all other remedies, it would then follow that their alleged damages could not be the subject of a set-off in an action *ex contractu*, for such damages necessarily sound in tort. In Hunt *v.* Gilmore, 59 Pa. St., 450, SHARSWOOD, J., said, after referring to the terms, of the Defalcation Act, "When the damages arise from a tort, they certainly cannot be allowed." See also Halfpenny *v.* Bell, 82 Pa. St., 128; Domestic Sewing Machine Co. *v.* Saylor, 86 Id., 287; Ahl *v.* Rhoads, 84 Id., 319.

3. It is also clear that the alleged damages of the plaintiffs in error cannot be set off because they do not constitute a debt or demand due at the time of the commencement of the action.

The Defalcation Act of 1705 in terms applies only to demands of the defendant against the plaintiff, which demands existed prior to the bringing of the action, and this rule has been asserted in many cases: Morrison *v.* Moreland, 15 S. & R., 63; Huling *v.* Hugg, 1 W. & S., 418; Sennett *v.* Johnson, 9 Pa. St., 335; Pennell *v.* Grubb, 13 Id., 552; Smith *v.* Ewer, 22 Id., 116; Speers *v.* Sterrett, 29 Id., 192; Roig *v.* Tim, 103 Id., 115.

Mr. Justice STERRETT delivered the opinion of the court, February 15th, 1886.

Assuming, for the purposes of this case, that plaintiffs in error were unjustly injured as alleged in their affidavit of defence, and by reason thereof have a good cause of action against plaintiff below, the question is whether the damages they sustained can be defalked against his demand in this action.

On November 14th, 1884, plaintiff below filed an affidavit

in which he alleged the debt in suit, evidenced by the check of plaintiffs in error, was fraudulently contracted, gave security and issued an attachment under the Act of 1869. By virtue of the writ their deposits in bank and goods in store were attached by the sheriff. On November 17th, they obtained a rule to dissolve the attachment, and five days thereafter the same was dissolved by the court. The funds and property attached having been thus released, the action proceeded, according to the provisions of the Act, "as in a case of summons for debt regularly issued and duly served." A copy of the check having been filed, plaintiffs in error filed an affidavit of defence, tacitly admitting their liability on the check, and setting up as their only defence thereto the damages to their credit and business caused by the unwarranted issuance of the attachment. A rule for judgment having been taken, the court below considered the affidavit of defence insufficient, and accordingly entered judgment against plaintiffs in error for the amount of the check in suit and interest thereon. The single question thus presented for our consideration is that above stated.

In Plunkett v. Sauer, 101 Pa. St., 356, we held that damages resulting to a defendant from plaintiff's failure to successfully prosecute an attachment under the Act of 1869, arose *ex contractu*, and were proper matter of set-off by the defendant in a subsequent action for the same debt. It therefore follows that the set-off claimed by plaintiffs in error cannot be excluded, either on the ground that the damages arose *ex delicto* or that they are unliquidated. They are capable of liquidation, and hence they are on the same footing as other matters of set-off under our Defalcation Act. It has been repeatedly held that a set-off is in substance a cross action, and a cross demand must be complete when the action was instituted. A cause of action incomplete at the impetration of the writ is not available as a set-off: Huling v. Hugg, 1 W. & S., 418; Pennell v. Grubb, 13 Pa. St., 552; Smith v. Ewer, 22 Id., 116 ; Speers v. Sterrett, 29 Id., 192; Zuck v. McClure & Co., 98 Id., 541 ; Roig v. Tim, 103 Id., 115. Whatever damages plaintiffs in error may have sustained must have been done after the impetration of the writ, and not before the attachment was executed. When it was executed does not clearly appear, but it must have been some time between the date of issuance and the application to dissolve. In any event it was subsequent, in point of time, to the commencement of suit. At that time plaintiffs in error had no cause of action or cross demand. If they acquired any afterwards, by virtue of the unlawful seizure of their property, it is not a proper subject of set-off in this action.

[Swift and Given's Appeal.]

It is contended by the learned counsel for plaintiffs in error that the making and filing of the preliminary affidavit required by the statute was the first wrongful act, and that the damages which afterwards ensued are referable to that time. This position is more plausible than sound. It is well settled that no action lies to recover damages for the prosecution of a civil suit, however unfounded, where there has been no actual interference with either the person or property of the defendant: Muldoon *v.* Rickey, 103 Pa. St., 110, and cases there cited. It does not appear that any damage was done prior to the execution of the writ of attachment, and that as we have seen was subsequent to the commencement of the action. The condition of the bond, required by the Act, is that if plaintiff fails to prosecute his action with effect, and recover judgment against defendant, he shall pay the latter all legal costs and damages which he "may sustain by reason of the attachment. There can be no breach of the bond and consequent right of action until the attachment is dissolved by the court, or fails by reason of plaintiff's inability to sustain his claim ; and until a cause of action arises there can be no right of set-off.

Our attention has been called to the. fact that the same or similar question has been ruled otherwise in one of our sister states. While the authorities referred to are entitled to great weight, we think the view we have adopted is more consonant with reason, and at the same time in harmony with our own decisions.

Judgment affirmed.