# Union National Bank of Pittsburgh, Plff. in Err., v. Cannonsburgh Iron Company, Limited.

A set-off, to be allowed, must be a debt due between the same parties and in the same right, and complete when the action was instituted.

A bank received a cashier's check of another bank, as a conditional payment of the debt of a third party. The latter bank made an assignment in trust for creditors, and the check was not paid on presentation. At the time of the assignment, there was, on the books of the first bank, a credit to the insolvent bank of the proceeds of notes, indorsed and discounted for the latter's accommodation. In an action by the first bank against the debtor, for the debt, *held*, that this deposit was not a valid set-off against the debt.

(Decided October 4, 1886.)

Error to the Common Pleas, No. 1, of Allegheny County to review a judgment for plaintiff. Reversed.

The facts appear by the case of Cannonsburgh v. Union Nat. Bank, *ante*, 46. The assignments of error appear by the opinion of the court set forth in that case.

*John G. Bryant,* for plaintiff in error.—Set-off is inadmissible, unless it be between the same parties. Carman v. Garrison, 13 Pa. 158; Milliken v. Gardner, 37 Pa. 456; Scott v. Fritz, 51 Pa. 418; 2 Smith, Lead. Cas. *320.

In case of the insolvency of the borrower before actual payment of the money by the lender, an equitable right, analogous to that of stoppage *in transitu,* may be exercised by the lender. Dougherty v. Central Nat. Bank, 93 Pa. 227, 39 Am. Rep. 750.

This doctrine is also recognized in Kensington Nat. Bank v. Shoemaker, 11 W. N. C. 215; the set-off in that case being disallowed only because it did not appear that the proceeds of the notes entered into the balance.

NOTE.—Debts can only be set off against each other where the parties have a mutual right to sue each other. Cowden v. McClelland, 4 Montg. Co. L. Rep. 133; Lee v. Perry, 6 Kulp, 339; Shirley v. Keagy, 126 Pa. 282, 17 Atl. 607; Bache v. Philips, 155 Pa. 103, 25 Atl. 891; Catasauqua Mfg. Co. v. Roberts, 2 Pa. Dist. R. 392.

The balance in question would not have been the subject of either action or set-off by the Penn Bank or its assignee, because the plaintiff had a right or equity, arising out of the same transaction, to retain it.

But even if there was no such equity, the plaintiff had a right to set off the notes against the balance of their proceeds, even as against the assignee of the Penn Bank, which was absolutely liable on them, as they were made for its accommodation. In a case of voluntary assignment the right of set-off exists, though one of the debts was not payable when it was made. Jordan v. Sharlock, 84 Pa. 366, 24 Am. Rep. 198.

Assuming that the plaintiff had an equal right to set off the check against the balance in question, it is not bound to elect to do so; especially as the defendant has not shown any equity superior to that of the plaintiff and of the makers of the notes.

*Geo. W. Guthrie,* for defendant in error.—The mere statement of facts shows how essentially different this case is from the case of Dougherty v. Central Nat. Bank, 93 Pa. 227, 39 Am. Rep. 750, cited by the plaintiff in error.

In that case the bank, learning of the failure of Dougherty Brothers & Company the day after their note was discounted, immediately, and before any assignment had been made, or any portion of the proceeds of the discount had been paid out, rescinded its action, charged back to Dougherty Brothers & Company's account their old note, in renewal of which the one discounted was given, and tendered to Dougherty Brothers & Company the new note, together with the collaterals deposited with it, and the amount of discount paid in cash. Not one of these circumstances exists in this case.

In delivering the opinion of this court, in that case, TRUNKEY, J., says: "A party whose debt is not due has no equitable claim to have it set off against a debt of his own already due, in the hands of a party who is insolvent." P. 231.

And again: "A bank has no lien on money standing to the credit of one of its depositors, for the amount of a note of such depositor, discounted by the bank, but which has not matured." P. 232.

This is the general rule, and is fully sustained by the cases cited, and applies exactly to this case.

Jordan v. Sharlock, 84 Pa. 366, 24 Am. Rep. 198, is not in conflict with it. The action in that case was by the voluntary assignee of the holder of the note; the set-off claimed was due and payable at the time of the assignment, and was of course allowed.

In the case of Sitgreaves v. Farmers' & M. Bank, 49 Pa. 364, a case of the same character, this court said: "To shut out his defense, and make him pay the debt again, with a chance to recover it in an action against his principal, who in turn is to recover it from the creditor, would be a circuity that neither law nor common sense would tolerate."

In Hutchinson v. Woodwell, 15 Pittsb. L. J. 235, MERCUR, Ch. J., in delivering the opinion of this court, said: "It is settled law, when the creditor has the means of satisfaction, either actually or potentially in his hands, or within his control as security, and does not choose to retain it, but relinquishes it, the surety is discharged." Reed v. Garvin, 12 Serg. & R. 100; Everly v. Rice, 20 Pa. 297; Boschert v. Brown, 72 Pa. 372.

The same rule was again enunciated and applied by this court in the case of the Commercial Nat. Bank v. Henninger, 41 Phila. Leg. Int. 357, where all the cases are fully discussed and explained by PAXSON, J., in delivering the opinion of the court.

Carman v. Garrison, 13 Pa. 158, was decided on entirely different facts; the maker of the note having placed it in the hands of a broker for sale, on being sued by the purchaser, attempted to set off an alleged indebtedness of the purchaser to the broker, arising out of transactions having no connection with the sale of the note, and it was held that the set-off could not be allowed.

The plaintiff in error was under the obligation to exercise for the benefit of the defendant in error the diligence which any ordinarily prudent man would use in his own behalf. If the plaintiff in error were the absolute holder of this check, or if the defendant in error were insolvent, no one can hesitate to say what the action of the plaintiff in error would be; it would instantly charge this check to the account of the Penn Bank, and

it should be required to take the same action, even though it holds it simply as conditional payment or for collection.

OPINION BY MR. CHIEF JUSTICE MERCUR:

This judgment was entered on a case stated. In an opinion just filed on a writ of error taken by the defendant, we held it had no cause to complain of the judgment. The complaint now to be considered is whether the judgment was not entered in favor of the plaintiff, for a less sum than it is entitled to under the admitted facts.

Conceding that the check given to plaintiff in error, on the Penn Bank, did not operate as a payment of the note held by the plaintiff against the defendant, yet the latter contends that it is entitled to a set-off for the sum of $969.85, which, on the 28th day of May, 1884, stood to the credit of the Penn Bank on the books of the plaintiff. It was a part of the proceeds of sundry notes discounted by the plaintiff on the 23d of May, for the accommodation of the Penn Bank. The latter bank in fact was then insolvent, but its insolvency was not then known to the plaintiff. On the 28th of May, the Penn Bank assigned all its property to Warner in trust for its creditors. The trustee has brought suit against the plaintiff to recover the $965.85; and that suit is still pending.

The court below thought the plaintiff was bound to set off or apply this sum on the note it held against the defendant, and entered judgment for the residue of the note only. This is assigned for error.

It is difficult to see on what principle the application of this sum can thus be enforced. The general rule is that a set-off is not allowable unless the debts be due between the same parties and in the same right. Potter v. Burd, 4 Watts, 15; Milliken v. Gardner, 37 Pa. 456; Scott v. Fritz, 51 Pa. 418.

The money on deposit with the plaintiff was not due to the defendant. A set-off is in substance a cross action; and a cross demand must be complete when the action was instituted. Gunnis v. Cluff, 111 Pa. 512, 2 Cent. Rep. 356, 4 Atl. 920.

The defendant was in no condition to bring suit against the plaintiff for this money. It had no such right of action. It

had no legal or equitable claim which it could thus enforce. That money was wholly *res inter alios acta.* The defendant was not a party to the transaction which produced the fund. It could not check it out. Prior to the assignment it had no right to be heard as to what disposition should be made of it. What right it has, if any, to share therein under the assignment is a question not now before us. Whether, under the authority of Dougherty v. Central Nat. Bank, 93 Pa. 227, 39 Am. Rep. 750, the plaintiff can show such equities as to retain the money on the notes it discounted for an insolvent may arise in the suit brought by the assignee.

Whatever the equities may be between the plaintiff and the Penn Bank, arising out of that transaction, it is clear the defendant cannot control the application of that fund. The plaintiff did not hold that money as security for the payment of a check drawn on another bank. When the check was dishonored he offered to return it to the defendant from whom he received it. We think the learned judge erred in holding that the defendant was entitled to set off the amount which stood in the bank of the plaintiff to the credit of the Penn Bank.

Judgment reversed; and now, October 4, 1886, judgment in favor of the plaintiff, for $2,237.67, with interest from May 24, 1884, and $1.50 costs of protest and costs of suit, according to agreement in case stated.