# John F. Riley *v.* John T. Eigo, Appellant.

*Partnership transaction—Remedies between partners.*

One partner cannot sue another partner for a partnership transaction except by bill in equity or an action of account render.

*Affidavit of defense—Partnership debt—Set-off.*

In an action of assumpsit, to recover money loaned, an affidavit which alleges payment by defendant of debt due by a partnership of which plaintiff and defendant were members *held* defective (1) where it failed to allege that the amount attempted to be set off was paid before suit brought; (2) because there was no claim of a settlement of partnership accounts showing an ascertained indebtedness from plaintiff to defendant.

*Partnership—Action by one partner against another—Assumpsit—Account rendered—Equity—Set-off.*

Where one partner has paid partnership debts for which both are liable he cannot set it off in an action of assumpsit brought against him by his partner to recover a personal loan made to him by his partner prior to the partnership venture subsequently entered into between the parties.

Argued Dec. 16, 1895. Appeal, No. 27, Nov. T., 1895, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1895, No. 929, for want of a sufficient affidavit of defense. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

Assumpsit to recover $133.23, money loaned by plaintiff to defendant.

Copy of the affidavit of defense is as follows:

John T. Eigo, the defendant, being duly sworn, deposes and says that he has a just and legal defense to plaintiff's claim of the following nature and character:

That on the seventeenth day of July, 1894, plaintiff and deponent entered into copartnership under the firm name of Eigo & Riley, to carry on in the city of Philadelphia the retail coal business, and that the said copartnership continued until about the fifteenth day of March, 1895, when plaintiff, of his own accord, withdrew from it.

That at the time of his said withdrawal from the said copartnership by the said plaintiff, there was due and owing by the plaintiff and deponent the sum of $440 for coal they had

purchased for the business, which entire sum deponent, from his individual resources, has since fully paid and liquidated, the one-half of which, to wit, the sum of $220, the plaintiff is legally bound to repay deponent as his copartner, and should be set off against the claim of $110 now sued for by plaintiff.

All of which deponent verily believes and expects to be able to prove on the trial of the cause.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*John M. Arundel, R. O. Moon* with him, for appellant.—The old doctrine of the books, which requires a balance to be struck, and an express promise to pay it, or to pay any balance, to be ascertained in cases like the present, does not now exist to the extent formerly held. This is abundantly shown in Van Amringe v. Ellmaker, 4 Pa. 281; Gillis v. McKinney, 6 W. & S. 79; Borrell v. Borrell, 33 Pa. 492; Wright v. Crumpsty, 41 Pa. 112.

In Borrell v. Borrell, 33 Pa. 492, cited above, it is said, "Account render has not been a favorite in modern times."

On the validity of the set-off Montz v. Morris, 89 Pa. 392; Smith & Co. v. Myler & Aber, 22 Pa. 36; Wrenshall v. Cook, 7 Watts, 464; Tustin v. Cameron, 5 Whart. 380.

When the transaction is a single one and no question is involved in regard to the rights of creditors, and especially when the subject-matter is real estate, and one part owner has advanced the money, he may sustain an action of assumpsit: Gillis v. McKinney, 6 W. & S. 78; Borrell v. Borrell, 33 Pa. 492; Wright v. Crumpsty, 41 Pa. 112; Lewis v. Culbertson, 11 S. & R. 48.

If any debt be due the same partner he may set it off: Richards v. Heather, 1 B. & A. 29; Slipper v. Stidstone, 5 Term Rep. 493; French v. Audrade, 6 Term Rep. 582.

The facts in McFadden v. Erwin, 2 Whart. 37, were parallel to this case.

*John F. O'Donoghue*, for appellee.—The following cases lay down the rule that the debt set off must be due and owing at the time of the commencement of plaintiff's action: Gunnis **v.**

Cliff, 111 Pa. 515; Huling v. Hugg, 1 W. & S. 418; Pennell v. Grubb, 13 Pa. 552; Smith v. Ewer, 22 Pa. 116; Speers v. Sterrett, 29 Pa. 192; Zuck v. McClure, 98 Pa. 541; Roig v. Tim, 103 Pa. 115.

The affidavit is defective because it seeks to set off a debt based on an isolated partnership transaction, there being no allegation of a settlement of the partnership accounts. The rule is that a matter involving partnership accounts cannot be set off in an action between partners based upon independent transactions: Roberts v. Fitler, 13 Pa. 265; Klase v. Bright, 71 Pa. 186; Wharton v. Douglas, 76 Pa. 273.

Judge AGNEW defines what is properly the subject of a set-off in Russell v. Miller, 54 Pa. 164.

That the right of a partner where matters involving partnership transactions are in dispute is only to call his copartner to an account by bill in equity or an action of account render, the following cases decide: Crow v. Green, 111 Pa. 642, citing: Ozeas v. Foulke, 1 Binn. 191; Hall v. Logan, 10 Casey, 331.; McFadden v. Hunt, 5 W. & S. 468; Leidy v. Messinger, 71 Pa. 177.

OPINION BY REEDER, J., January 20, 1896:

The affidavit of defense sets out that the plaintiff and defendant subsequent to the loan upon which suit is brought entered into a partnership for the purpose of carrying on a retail coal business; that the plaintiff withdrew from the partnership in March, 1895, and that some time thereafter the defendant paid a bill for coal amounting to $440, one half of which should be set off against the amount $110, which the plaintiff sues for.

This affidavit of defense is defective and insufficient in several particulars. There is no allegation that the amount was paid by the defendant before the suit was brought.

In Huling v. Hugg, 1 W. & S. 418, Justice ROGERS says, " A debt or demand to be set off under the statute must be an existing debt or demand at the time of the commencement of the suit: Carpenter v. Butterfield, 3 Johns Cases, 145; Jefferson County Bank v. Chapman, 19 Johns, 324." This decision was either followed or approved in a long line of decisions, viz: Pennell v. Grubb, 13 Pa. 552; Smith v. Ewer, 22 Pa. 116; Speer v. Sterrett, 29 Pa. 192; Zuck v. McClure & Co., 98 Pa.

541; Roig v. Tim, 103 Pa. 115; Gunis Barritt & Co. v. Cluff, 111 Pa. 512.

The affidavit of defense is defective also in that it attempts to set off a single partnership transaction against an individual debt.    There is no claim in the affidavit of defense that upon a settlement of the partnership accounts an indebtedness from the plaintiff to the defendant would be found to exist, but that in a single isolated transaction the defendant paid a debt one half of which was due from the plaintiff as a member of the firm.    For anything we can gather from the affidavit of defense there may have been a much larger amount due to the plaintiff from the defendant upon a settlement of the partnership accounts than the single account paid by the defendant and set up as a defense in his affidavit.

But there is a much more radical and sweeping defect in the affidavit of defense.    Even though the affidavit of defense had declared that upon a full settlement of the partnership accounts the plaintiff would be indebted to him in an amount greater than his claim the affidavit of defense would still have been insufficient unless it had also stated that this amount had been ascertained and determined by a settlement of the partnership account.

In Roberts v. Fitler, 13 Pa. 265, Justice BURNSIDE said, "On a plea of set-off the defendant offered in evidence the various sums which he had paid for and advanced to the partnership of Carr & Roberts.    This offer involved the settlement of their partnership accounts without even an allegation of there being anything due the defendant out of the partnership. The court were right in rejecting the offer."

In Sennett v. Johnson, 9 Pa. 336, the Supreme Court say, "The evidence offered was properly rejected because it is not the subject of set-off.    The whole matter proposed to be proved involved settlement of partnership accounts which can only be properly settled in an action of account render."

In Klase v. Bright, 71 Pa. 186, Justice WILLIAMS says, "There can be no pretense that the defendant was entitled to set off one half of the amount which he had paid on account of the partnership indebtedness if the plaintiff was not indebted to the partnership by reason of such payments.    Whether he was indebted or not could only be ascertained in a settlement

of the partnership accounts which could not be made by a jury in this action. The only mode provided by law for the settlement of partnership dealings is by a bill in equity or an action of account render."

In Leidy v. Messinger, 71 Pa. 177, The Supreme Court say, "But a partner cannot maintain assumpsit against his copartner to recover the excess of his advances unless there has been a settlement of the partnership accounts and a balance has been struck. And this rule applies whether the subject-matter or property of the partnership has ceased to exist or not. It would beget an intolerable multiplicity of suits to allow one partner to sue another for contribution as often as he paid moneys or made advances on account of the partnership. To prevent such burdensome litigation the law has wisely provided that the partnership accounts shall be settled in one proceeding either by an action of account render or by a bill in equity, and that in the absence of an express promise to pay assumpsit will not lie by one partner against another for advances until there has been a settlement of the partnership accounts."

In Crow v. Green, 111 Pa. 637 it is said, "The case comes within the perfectly familiar rule that one partner cannot sue another partner for a partnership transaction except by bill in equity or an action of account render."

In Murray v. Herrick (171 Pa. 21), Justice GREEN says, " As the present action is brought by one who was a partner against another who was a copartner in the same business to recover contribution for an alleged excess of payments by the plaintiff of partnership debts, and as there is no pretense that there has been a settlement of the partnership accounts it is clear the present action cannot be sustained."

It must be conceded that McFadden v. Erwin, 2 Wharton, 37, determines this question differently, and if that case stood alone, by reason of its authority we would have to hold that under a plea of set-off a jury could inquire whether the plaintiff was indebted to the defendant upon unsettled partnership account, and if so to allow such indebtedness as a set-off against the plaintiff's claim. But all the more recent decisions decide the question differently as we have already shown.

Judgment affirmed.