## M. H. McCloskey, Jr., Inc., et al. v. North Penn Bank et al., Appellants.

*Banks and banking—Corporation as depositor—Recognition of corporation as distinct entity—Set-off.*

Where a bank accepts the deposit of a corporation, and recognizes the company as a distinct entity, and continues to treat it as such until the bank's failure, a trust company which succeeds to the assets of the bank cannot claim, as against the receiver of the corporation, that the corporation was the successor of the business of a partnership having an account in the bank, that such partnership owed the bank sums in excess of the deposit of the corporation, that a partner who owned a majority interest of the stock of the corporation had orally promised on behalf the corporation to pay all the obligations of the partnership, and that consequently the partnership debts to the bank should be set-off against the corporation's deposit in the distribution of the bank's assets.

Argued March 23, 1921. Appeal, No. 388, Jan. T., 1921, by defendants, from order of C. P. No. 3, Phila. Co., June T., 1919, No. 4128, making absolute rule on the Banking Commissioner to pay over moneys, in case of M. H. McCloskey, Jr., Inc., W. Lewis McGee, Receiver, v. North Penn Bank, John S. Fisher in possession thereof, to use Phœnix Trust Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Rule on banking commissioner to pay over moneys.

FERGUSON, J., filed an opinion as follows:

"M. H. McCloskey, Jr., Inc., a corporation organized under the laws of the State of Pennsylvania, was a depositor in the North Penn Bank. At the time the bank was closed and its assets passed into the hands of the banking commissioner there was a balance to the credit of the said corporation in the amount of $21,317.06.

"By direction of this court a dividend of 25 per cent on the amount of depositors' claims was declared by the said banking commissioner. As such depositor, if there were no outstanding checks or other obligations due the bank, the said corporation would be entitled to have as its dividend the sum of $5,329.26.

"On September 7, 1920, by decree of this court, W. Lewis McGee was appointed receiver for the said M. H. McCloskey, Jr., Inc., and the receiver has presented his petition for a rule on the banking commissioner to show cause why the dividend of 25 per cent, amounting to $5,-329.26, should not be paid.

"The banking commissioner admits the facts above stated and interposes no objection to the payment of the said dividend, excepting the fact that he had received notice from the Phœnix Trust Company, requesting him not to make payment, owing to the fact that the said Phœnix Trust Company had a claim against the same.

"The Phœnix Trust Company filed an answer to the petition, setting forth, among other things, that it had purchased all the assets of the North Penn Bank; that at the time of the failure of the bank it had a claim against a partnership known as McCloskey & Bahls for a sum of money largely in excess of the dividend now claimed; that the corporation known as M. H. McCloskey, Jr., Inc., succeeded to the business of McCloskey & Bahls; that McCloskey & Bahls had assigned to the North Penn Bank, as collateral for their indebtedness, all their right, title and interest in the money they were to receive from the United States Government on a contract at League Island Navy Yard, and they also had

pledged, in the manner described in the answer, as additional security, all their equipment and real estate; that M. H. McCloskey, Jr., individually, assumed the liabilities of the firm of McCloskey & Bahls, that M. H. McCloskey, Jr., owns a majority of the stock of M. H. McCloskey, Jr., Inc., and that he promised, on behalf of the corporation, to pay all of the obligations of the former firm of McCloskey & Bahls, and, on account of such obligations, the said corporation had paid in point of fact the sum of approximately $20,000. The Phœnix Trust Company, therefore, asserts a set-off against the present dividend, and, further, avers that it has brought suit in Court of Common Pleas No. 4 against McCloskey & Bahls for the collection of its claim, which amounts to nearly $300,000.

"Whatever may have been the dealings between McCloskey & Bahls and the North Penn Bank, there can be no doubt the bank conceded the existence of a separate entity in the corporation which was subsequently formed, because it opened a deposit account with that corporation. It is not suggested anywhere in the answer that the bank had ever charged against the deposit account of the corporation any sums or overdrafts or loans due by McCloskey & Bahls. The new corporation was regarded as any other depositor and presumably its drafts were honored as such. There is no assertion that the bank held any obligation of the corporation, neither is there any averment that, by any corporate action, the debt or obligation of the old partnership had been assumed by the new corporation. No verbal arrangement, understanding or promise by McCloskey individually, even if it be that he is a majority stockholder, could in anywise obligate the corporation to pay the debts of the copartnership. To assert that the corporation took over, or succeeded to, the business of the former copartnership is without significance. In the absence of fraud, for one to purchase property or equipment of a partnership or an individual does not in anywise bind the vendee to pay

outstanding debts, excepting such as might have legal lien against the property so purchased.

"It must also be recognized that the petitioner is a receiver of a corporation, and, as such, it is his duty to take into his possession all of the property, choses in action, rights and credits of the corporation. If personal property in the way of equipment passed into the hands of the receiver, which belonged to the North Penn Bank, or against which it had a lien, an appropriate remedy lies for its recovery, if it can be found and identified. There is nothing in the facts as we view them which would justify us in holding the North Penn Bank to be a preferred creditor against the estate of the corporation. If the bank, or the trust company which succeeded it, has a claim which it can assert against the corporation that claim should be asserted upon the settlement of the accounts of the receiver.

"The rule on the banking commissioner to pay the dividend is made absolute."

The Phœnix Trust Company appealed.

*Error assigned* was above order, quoting it.

*John C. Gilpin,* with him *Graham & Gilfillan,* for appellant.

*Edward J. Mingey,* for appellee.

PER CURIAM, April 18, 1921:
The judgment in this case is affirmed on the opinion of the court below; see also Union National Bank v. Iron Co., 3 Sadler 58; Lancaster County National Bank v. Huver, 114 Pa. 216, where, at page 219 of the latter, the distinction between decisions in which the rights of third parties have intervened and those concerning the rights of the original parties, is recognized; and, as bearing on the general question here involved: Dougherty v. Bank, 93 Pa. 227, and Warner v. Hare, 154 Pa. 548.

Judgment affirmed.