## Manganiello v. Cello.

*W. L. Pace,* for plaintiff; *J. Justin Blewitt,* for defendant.

VALENTINE, J., March 17, 1931.—Suit in assumpsit was instituted before a justice of the peace on September 8, 1924. After an appeal to the court of common pleas, plaintiff filed his statement on April 21, 1930. Defendant filed an affidavit of defense with counterclaim, and later a supplemental affidavit with counterclaim.

Paragraph fourteen of the amended affidavit avers: "Said plaintiff, John Manganiello, is also indebted to said Pasquale Cello, defendant, in the further sum of $25 for services as a cook and caterer rendered by the latter to the former and his family and guests on the 11th day of April, 1927, at the former's instance and oral request and authorization, and at the time of the incurring of said obligation by said plaintiff and the rendition of said services by said Pasquale Cello said plaintiff agreed that said sum should be deducted from latter's claim against said Pasquale Cello and allowed as a set-off thereto in aforesaid suit. Said sum is, therefore, claimed as a counterclaim by said Pasquale Cello against said plaintiff. All of which defendant verily believes and expects to be able to prove at the trial of said cause."

The motion to strike off is based upon the ground that the defendant "is attempting to set off an alleged claim which arose since the institution of the proceedings." As a general rule, a set-off can only be made of a debt or demand which existed at the time of the commencement of the action, and the defendant must be able to show that it was then his: Huling *v.* Hugg, 1 W. & S. 418. But if the plaintiff directs the defendant to make a payment, and agrees it shall be a set-off, the courts, under their equitable jurisdiction, will allow it: Morrison *v.* Moreland, 15 S. & R. 61.

In the instant case defendant avers "plaintiff agreed that said sum [of $25 referred to in paragraph fourteen of the amended affidavit of defense] should be deducted from latter's [plaintiff's] claim against said Pasquale Cello and allowed as a set-off thereto in aforesaid suit."

This averment brings defendant's case directly within the ruling of Morrison *v.* Moreland, *supra,* and it follows that the present rule must be discharged.

Plaintiff's motion to strike the counterclaim from the record is refused and the rule is discharged.

From Frank P. Slattery, Wilkes-Barre, Pa.