## Smith & Co. for Cooper *versus* Ewer & Peck.

1. A demand, to be set off, must belong to the party using it at the commencement of the suit.

2. The mere possession of a note on its face negotiable, having on it an endorsement in blank, which is offered as a set-off, is not evidence that it belonged to the defendant at the commencement of the suit. It is incumbent on the defendant to show that the claim attempted to be set off was acquired in proper time.

ERROR to the District Court of *Allegheny county*.

This was a suit brought on 25th March, 1852, in the name of James R. Smith & Co., for use of Lewis Cooper, *v.* John Ewer and Benjamin Peck, as partners. The action was brought to recover the amount of a book account of $982.57, with interest from February 28, 1852. On the trial a sworn copy of the book account, filed with the *precipe*, was given in evidence.

On part of the *defendants* was then produced, as a set-off, a promissory note of James R. Smith & Co. for $931.01, dated April 14, 1851, at eight months, payable to the order of Stuart & Bro., and by them endorsed.

On part of the *plaintiff*, was then given in evidence the assignment, dated October 29, 1851, of the claim in suit, to Lewis Cooper.

WILLIAMS, J., charged the jury, that under the evidence in the case, Cooper, the beneficial plaintiff, was bound to show that he was a purchaser for value of the claim in suit, in order to defeat the defendants' right to set off the note; that the assignment was not evidence of the fact that Cooper was a purchaser for a valuable consideration as between himself and the defendants; and that having failed to show this he was not, under the evidence, entitled to recover.

Verdict for the plaintiffs for $42.99.

See another suit for the use of Cooper, antea 36, &c.

It was assigned for error, that the Court erred in charging that Cooper, the beneficial plaintiff, was bound to show that he was a purchaser for a valuable consideration, and that the assignment itself, although purporting to be for value received, was not any evidence of the fact.

*G. P. Hamilton*, for plaintiff in error.—As between volunteers, the first in time is first in right. The assignment to Cooper of the account was on the 29th October, 1851. There was no evidence when the defendants became the holders of the note offered

to be set off.  They should have shown that they acquired the ownership of it *before* the date of the assignment of the account to Cooper.  There was no evidence on the subject, and no grounds for presumption.  It was a question of fact requiring proof.  The assignment to Cooper, purporting to be for value, was at least *primâ facie* evidence that he was a purchaser for valuable consideration.  The possession of the note by the defendants was not any stronger evidence as regarded consideration.

*Selden*, for defendants in error.

The opinion of the Court was delivered by

WOODWARD, J.—This is the last of this batch of cases, and as the assignment to Cooper was fully proved in this case, the questions that arise upon it must be considered.  The claim in suit was assigned to Cooper on the 29th October, 1851, and the action was instituted on the 25th March, 1852.  The note which the defendants offered in evidence was drawn by James R. Smith & Co., on the 14th April, 1851, for $931, at 8 months, payable to the order of Stewart & Bro., and by them endorsed without date to the defendants.  The defendants could not be affected by the assignment of their creditors' claim to Cooper until they received notice of it.  Until such notice they were at liberty to arm themselves with liabilities of Smith & Co., and use them in defence of any action that might be brought on their own indebtedness.  This doctrine, hinted in a variety of cases, was fully discussed by Mr. Justice LEWIS, and settled by this Court in the case of Rider *v.* Johnson, decided at the last term in this district, but not yet reported.  Cooper gave the defendants no notice of the assignment till suit was brought.  But that was notice, for the writ told them he was on the record as the beneficial plaintiff. Did the defendants hold the note of Smith & Co., at that time ? If they did, they had the right to set it off.  If they did not, but obtained it subsequently, they had no right to set it off, whether the assignment was for a valuable consideration or not, for there is no rule better settled than that a debt or demand to be set off must exist at the commencement of the suit, and must at that time have belonged to the defendant: Huling *v.* Hugg, 1 *W. & Ser.* 418; Pennell *v.* Grub, 1 *Harris* 554.

Now here was a question of fact, of which the defendants held the affirmative, and by the general rule, as well as according to Pennel *v.* Grub, the *onus* was on them.  What evidence is there that on the 25th of March, 1852, they held the note ?  None, unless it can be inferred presumptively from the negotiability of the note.  But negotiable notes are frequently transferred after maturity.  We have various instances of this in the books.  This

note fell due in December, 1851; and if in the defendant's hands then, they would doubtless have protested it for the purpose of fixing the endorser, and could easily have shown the fact.    But if not in their hands, then what ground is there for presuming they obtained it before the 25th of March, 1852?    The suit was not commenced till March, 1853, and it is quite as probable they would have looked up overdue paper in that year of preparation, as that they would have taken it in the three months that elapsed between its maturity and the institution of the suit.    It is impossible to raise any presumption from the facts before us to supply the affirmative proof, which it is incumbent on the defendants to produce.

On this ground the instruction should have been adverse to the defence, and the judgment must be reversed and a *venire de novo* awarded.