## Horton and Heil *versus* Miller.

*Equitable Set-off of Judgments reviewed on Appeal, and not on Writ of Error.—Set-off, when not allowed.—Consideration for Assignment of Judgment, when to be proven.*

1. On an application to the equitable powers of a court to set off one judgment against another, the remedy of the party aggrieved by the decree, is by appeal and not by writ of error.

2. Where a judgment had been assigned, and the assignment entered of record more than one month before the assignment of a second judgment, sought to be set off against the first, it is not error in the court below to refuse to permit the set-off as against the first assignee, though the suggestion of the use in the last assignment recited that it had been made two years before.

3. The assignee of the first judgment could not be compelled by notice merely, to prove the consideration for his assignment, where it was not shown to have been fraudulent or voluntary, nor so alleged in the petition for the set-off, nor an issue asked to decide the question.

ERROR to the Common Pleas of *Schuylkill county.*

This was a writ of error, sued out by John Horton and Henry Heil, to reverse the decree of the court below, discharging a rule which had been granted on their motion to show why a certain judgment held by John Miller, Jr., against John Horton and Henry Heil should not be defalked from a judgment of Roger H. F. Horton against John Miller, Jr., part of which John Horton claimed as assignee.

The case was this:—John Miller, Jr., brought suit November 25th 1858, to No. 642, December Term 1858, against Horton and Heil, upon an insolvent bond, given by Horton with Heil as his surety, to appear and take the benefit of the Insolvent Law. Horton did not appear or comply with the condition of his bond to take the Insolvent Law. December 20th 1858, plaintiff filed his determination to have arbitrators chosen at 10 o'clock A. M., January 12th 1859. January 12th 1859, arbitrators were chosen to meet 25th of same month, at 10 A. M. January 25th 1859, arbitrators awarded for the plaintiff, finding in his favour $179.34. February 16th 1859, defendants, by John Horton, appealed from the award of arbitrators. Cause came on for trial in court February 7th 1860; when judgment was 'entered in favour of plaintiff for $187.71. January 12th 1859, James H. Campbell, attorney for Miller, the plaintiff, suggested upon the record that all money due and to become due on the bond in this case, had been assigned to Charles W. Reed, of Carlisle. On the 30th of January 1858, Roger H. F. Horton brought suit in the Common Pleas of Schuylkill county, to No. 417, March Term 1858, summons in case against John Miller, Jr., to recover a book account he held against him, and also for a large quantity of coal which Miller had sold while he was in the employ of Horton, and ap-

[Horton and Heil *v.* Miller.]

propriated the proceeds thereof to his own use, as Horton alleged, without his knowledge or consent. February 8th 1858, the attorney for Horton filed his determination to have arbitrators chosen on the 24th of same month, at 10 o'clock A. M. February 24th 1858, arbitrators were appointed to meet March 23d 1858, at 10 o'clock A. M. May 20th 1858 award of arbitrators filed, finding for plaintiff $678.18. June 8th 1858, defendant, by James H. Campbell, his attorney, appealed from the award of arbitrators. February 19th 1859, the cause came on for trial in court, when the jury found in favour of the plaintiff Horton $696.30. On February 17th 1859, a suggestion was made upon the record by J. Wright, Esq., the attorney for the plaintiff, that $220 of this judgment was assigned by verbal agreement by Roger H. F. Horton to John Horton, between the 2d and 12th days of December 1857. June 3d 1861, J. Wright, Esq., moved the court, as attorney for John Horton, upon petition and affidavit presented, to grant a rule on John Miller, Jr., to show cause why the amount of judgment, interest, and costs in judgment No. 642, December Term 1858, John Miller, Jr., against John Horton and Henry Heil, should not be defalked from judgment No. 417, March Term 1858, Roger H. F. Horton against John Miller, Jr., for $696.30, $220 of which judgment John Horton is the assignee, sufficient to satisfy debt, interest, and costs. Same day rule granted. On the 29th November 1862, the case was argued upon the law and the facts, and submitted to the court, and on the same day the rule was discharged by the court, and on 23d December 1862, this writ of error was taken out and filed.

*J. Wright*, for plaintiffs in error.

*Campbell & Smith*, for defendant in error.

The opinion of the court was delivered, February 16th 1863, by THOMPSON, J.—This case was brought up on writ of error, but as the merits of the question desired to be tested could not be reached in that form, it was turned into an appeal. It was an application to the equitable powers of the court below to set off a judgment held by John Horton against a judgment which had been obtained by Miller against him and Heil. A writ of error in such a case would only bring up the judgment in which error was alleged, but not the petition on which the application was founded nor the testimony; it was therefore necessary and proper, as it was a case in equity, to change into an appeal.

It has been long settled that judgments not in inconsistent rights may be set off against each other: not by force of the defalcation act, but as was said by Gibson, C. J., in Ramsey's Appeal, 2 Watts 228, "by the inherent powers of the courts, im-

8 WR.—17

[Horton and Heil *v.* Miller.]

memorially exercised, being almost the only equitable jurisdiction originally appertaining to them as courts of law remaining." This was said before the Act of 1836, extending equity jurisdiction to the courts.    Still that act does not touch the question. Much the same thing was said by Kennedy, J., in Filbert *v.* Hawk, 8 Watts 445.

The court below, we think, committed no error in refusing the set-off prayed by the complainant, for the very sufficient reason that he was clearly not entitled to it against the assignee of the judgment of Miller *v.* Horton and Heil.    That judgment had been previously on the 8th of December assigned to Reed, and so marked on the docket on the 12th of January 1859.

The assignment to John Horton of part of the judgment of R. F. H. Horton *v.* Miller, now sought to be set off, was entered on the docket on the 17th of February 1859, the suggestion of the use reciting, however, that it had been made between the 2d and 12th of December 1857.    This was a month before the action of *slander* in which the judgment finally obtained was commenced.    It is not necessary to consume time to prove that such an arrangement could not, if it had been proved to have been made, which it was not, have affected a *bonâ fide* assignee of the judgment without notice of it.    If it was anything, it was perhaps a secret equity, which would not affect him : Mott *v.* Clark, 9 Barr 399.    Indeed that judgment had not been obtained when Reed obtained and entered his assignment on the docket.    There was not a particle of evidence that could affect him with notice, for the equity relied on had no existence in fact when he became the assignee. Not so with John Horton. When he procured a part of his brother's judgment against Miller, to be marked for his use, with a view, it may be presumed, to have it set off against the Miller judgment, that judgment had been previously assigned, and so the record showed. Of that, he should have taken notice : Fisher *v.* Knox, 1 Harris 622.    If he did not choose to do so, he took the assignment at his own risk.

The notice to Reed to prove the consideration for his assignment was simply nugatory, as it was neither pleaded or shown to have been fraudulent or voluntary, nor so alleged in the petition for the set-off, nor was any issue prayed for in which the question might have been heard.    It was time enough for Reed to meet that question when he was fairly attacked.

Appeal dismissed, at the costs of the appellant.