R. Burford, to use of Samuel Hazlett, Appellant, *v.* S. P. Fergus.

*Promissory note under seal—Set-off—Assignment—Notice—Evidence— Burden of proof.*

Where the maker of a promissory note under seal has notice that the payee has assigned the note to another person, he cannot purchase a note of the payee to be used as a set-off against his own note.

In such a case where the assignee of the payee is plaintiff, and the maker sets up a note of the payee as a set-off, the burden of proof is on the plaintiff to show that the defendant had notice of the assignment before he purchased the payee's note.

Argued Oct. 17, 1895. Appeal, No. 244, Oct. T., 1894, by plaintiff, from judgment of C. P. Washington Co., Feb. T., 1893, No. 128, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on promissory note. Before McILVAINE, P. J.

At the trial it appeared that the action was brought upon a promissory note under seal, dated June 3, 1893, at ninety days, for $750, made by defendant to the order of R. Burford, by him assigned on that day to J. M. Braden and A. S. Sprowls, Esqrs., and assigned by them on the same day to Samuel Hazlett, the use plaintiff. The execution of the note and the assignments for a valuable consideration were admitted. Defendant, under the plea of set-off, offered in evidence a judgment note of R. Burford to Town Brothers, dated May 31, 1893, for $859.40, and assigned by Town Brothers and R. A. Town to defendant, on June 3, 1893.

The court charged in part as follows:

" [But now come the plaintiffs and in reply to this claim of the defendant say, granting that this $859 note was assigned on the 3d day of June, 1893, and that the title actually did pass to Mr. Fergus, the $750 note of Burford which S. P. Fergus signed and became bound to pay, was not the property of R. Burford at the hour or time that this $859 note that is offered as a set-off became the property of Mr. Fergus. They

say that R. Burford's $750 note, which he held against S. P. Fergus, was assigned to Messrs. Braden and Sprowls before Samuel Fergus got the title to this $859 note. Now, the law, as we understand it, casts the burden on the use plaintiff, if there is a dispute as to the hour of the assignment on this 3d day of June, to show that the assignment of the $750 note was before the time the $859 note was assigned to Fergus. We say the burden of proof is on the use plaintiff.] [1] The law allows a man who owes money on a note to buy the payee's paper for the purpose of setting it off until he has notice that the title to the note he gave, and the right to collect the money thereon, has passed from the payee into somebody else. He can presume that his note remains in the hands of him to whom he became obligated to pay the money. The defendant in this case had a right to presume that the $750 note was still in the hands of Burford until he had notice that it had left them. Now, the question that arises on this branch of the case is, was this note that Fergus signed and gave to Burford, or the claim or the debt that the note represents, assigned to Mr. Braden and Mr. Sprowls, on a day or at an hour preceding the time that Fergus got the legal title to the Town note. You have heard the testimony in regard to this dispute and the comments of counsel, and if you are satisfied that Mr. Fergus bought the Town note so as to put the legal title into him, and are satisfied that he bought it and got title before he had any notice of the assignment of the R. Burford note of $750 to Braden and Sprowls, then we say he would have a right to make such purchase, believing that his note still remained in the hands of Burford, and to use it as a set-off against the same. On the other hand, if you are satisfied that Mr. Fergus, or Mr. Donnan, who appears to have been his active agent in the whole transaction, had notice of the assignment of the Burford note to Mr. Braden and Mr. Sprowls before this title vested in Fergus, then your verdict ought to be for the plaintiff, because Mr. Fergus would be too late in making his purchase, and he could not use his note as a set-off, because, after he had notice, he had no right to buy the note for that purpose."

Plaintiff's points were among others as follows :

"1. Before the defendant can use the Town note as a set-off in this case, he must satisfy the jury by a preponderance of

evidence that he was the bona fide holder of that note before he or his attorney had notice of the assignment of the Burford note to Braden and Sprowls. *Answer:* This point, as drawn, is refused, as an unqualified affirmance might mislead the jury. It is true that the jury must be satisfied by a preponderance of the evidence that the defendant was a bona fide holder of the Town note before he or his attorney had notice of the assignment of the Burford note to Braden and Sprowls, but if the defendant has shown to the satisfaction of the jury that he was the bona fide holder of the Town note before his note to Burford became due, then the plaintiff must show that the Burford note was assigned to Braden and Sprowls (if the note does not already appear in the evidence) before the defendant became the bona fide owner of the Town note." [2]

"2. The burden of proof is on the defendant to show that he had a right to use the Town note as a set-off before he or his attorney had knowledge of the assignment of the Burford note to Braden and Sprowls. *Answer:* Refused. The burden of proof is on the defendant to show that he became the owner of the Town note before his note to Burford became due, and before suit was brought; this will entitle him to his set-off unless it appears in the evidence that he or his attorney had notice of the assignment of the Burford note to Braden and Sprowls before he became the owner of the Town note." [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1–3) instructions, quoting them.

*James E. Barnett* and *R. W. Irwin, A. M. Linn* with them, for appellant.—The burden was upon the use plaintiff to prove the execution of the note and the assignment to himself. This, without anything more, made out a prima facie case for plaintiff. When defendant offered his set-off the burden of proof was upon him.

The assignment of a cause of action arising from the violation of a contract operates as an assignment of a judgment recovered thereon: 12 A. & E. Ency. L. 149; Dugas v. Mathews, 54 Am. Dec. 361.

The court in charging the jury that defendant was only bound to prove that he was the owner of the Town note at the time

this suit was commenced, was evidently misled by the authorities which hold that defendant, in order to entitle him to a set-off, must prove that he was the owner of the note offered as a set-off before the commencement of the suit: Speers v. Sterrett, 29 Pa. 192; Smith v. Ewer, 22 Pa. 116; Rider v. Johnson, 20 Pa. 190.

In none of these cases had any notice been given by the use plaintiff to defendant of his ownership of the claim sued upon before the commencement of the suit.

Where the evidence shows that the use plaintiff gave defendant notice of the assignment to him before suit brought, all the authorities agree that defendant, to entitle him to a set-off, must prove that he was the owner of the claim offered as a set-off before he had notice of the assignment to plaintiff: Bank v. Balliet, 8 W. & S. 318; Miller v. Bomberger, 76 Pa. 81; Kountz v. Kirkpatrick, 72 Pa. 385; Pennell v. Grubb, 13 Pa. 551.

*A. M. Todd*, for appellee.—The obligation of proving any fact lies upon the party who substantially asserts the affirmative of the issue: 1 Greenl., Ev. § 74.

A debt or demand to be set off under the statute, must be an existing debt or demand at the time of the commencement of the suit: Huling v. Hogg, 1 W. & S. 418; Pennell v. Grubb, 13 Pa. 552; Smith & Co. v. Ewer & Peck, 22 Pa. 116.

Where one side attempts to prevent a recovery by setting up as a cross demand a note payable to a third person not negotiable, he must show he was the owner of the note before the suit was commenced: Speers v. Sterrett, 29 Pa. 192; Gunniss, Barritt & Co. v. Cluff, 111 Pa 512.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895:

The case presents but one question, and that relates to the burden of proof. The action was on a note under seal made by the defendant to the order of R. Burford, the legal plaintiff, and by him assigned to the equitable plaintiffs. The defendant, before suit brought, purchased the overdue note of the legal plaintiff to the order of Town Brothers, and at the trial offered it in evidence under the plea of set-off. The execution and consideration were admitted as to both notes, but it was claimed

by the equitable plaintiffs that the defendant had notice of the assignment to them of his note to Burford before he purchased the note of Burford to Town Brothers which he sought to use as a set-off.

In the answers to the points and in the portion of the charge excepted to, the jury was instructed that the burden of proof was on the defendant to show that he was a bona fide holder of the Town note before suit was brought, but that the burden rested on the plaintiffs to show notice to the defendant of the assignment of his note to them before he acquired the set-off. The single question related to the burden of proof of the notice of assignment.

This was a theoretical rather than a practical question, as the testimony was presented in a regular and orderly manner at the trial and the jury was instructed in a clear and well considered charge which covered the points of the case in the order in which they had arisen, and particular directions were given as to the preponderance of evidence which should influence their finding. The burden of establishing a fact by proof rests upon the party asserting it. It may be shifted by the pleadings, or changed in the course of the trial by the order in which the testimony is presented. When the plaintiffs put the note in evidence, with the assignment to them, they established prima facie a right of recovery against the defendant. When the defendant offered the Town note with proof of his ownership before suit brought, he established a valid set-off. He could have rested there, as he was not bound to show more. He had answered the plaintiffs' case fully. The fact of the assignment to them did not affect the right of set-off; proof of notice of it to the defendant before he acquired the claim used as a set-off would have done so. Proof of no notice was not required to establish the right of set-off, but proof of notice was necessary to defeat the right.

The recovery sought was in the right of the legal plaintiff, and it would have been defeated in the first instance by any defence that was good as between the original parties. If the use plaintiffs had a right superior to that of the legal plaintiff which prevented the use of the note as a set-off, it was founded upon the fact of the assignment to them, which they had proved, and upon the fact of notice to the defendant, which they had

not proved. A superior equity in them could arise only upon proof of the two facts necessary to establish it—the assignment and notice, and the onus probandi as to both rested with them.

In the case of Pennell v. Grubb, 13 Pa. 551, relied on by the appellant, the question of the burden of proof of the time of the acquisition of a cross demand by the garnishee against the defendant arose between the plaintiff in the attachment execution and the garnishee, and was held to be with the latter. The case is authority for nothing else. The service of the attachment was notice to the garnishee of the interest and equity of the plaintiff and fixed the rights of the parties as of that date, as the service of the summons did here, and the garnishee could defend on no cause of action at that time incomplete. The burden of showing that he had, at impetration of the writ, an independent cause of action, rested upon the garnishee in that case as it did upon the defendant in this.

The judgment is affirmed.