# Frank Skinner, to use, Appellant, v. George Chase.

*Judgments as set off.*

Judgments are set off against each other by the inherent powers of the court immemorially exercised.

*Judgment—Set-off—Assignment of judgment—Discretion as to conflicting equities.*

The equity of a defendant to set off a judgment purchased by him against a judgment acquired by the plaintiff against him is equal to the secret equity of an assignee of plaintiff's judgment prior in time to defendant's acquisition of judgment sought to be set off where said assignee has neglected the precaution of having the judgment marked to use. The appellate court therefore will not disturb the exercise of the discretion of the court below in making absolute a rule to permit defendant to set off the judgment against the plaintiff acquired by him after suit brought.

*Assignment of chose—Subject to defense—Notice.*

An assignee of a chose in action not negotiable takes it subject to all the defenses to which it was subject in the hands of an assignor including the right of the debtor to set off any claim against the assignee before notice of the assignment.

*Practice, C. P.—Discretion of court—Duty of filing opinion.*

In cases appealing largely to the discretion of the court below where oral testimony of witnesses is frequently heard and passed upon, an opinion should always be filed by the court setting forth at least briefly, its findings of fact and the grounds of its decision: Gump v. Goodwin, 172 Pa. 276.

Argued Oct. 22, 1897. Appeal, No. 123, Oct. T., 1897, by plaintiff, from order of C. P. No. 2, Phila. Co., June T., 1895, No. 52, making absolute rule to set off judgment held by defendant against plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, and PORTER, JJ. Affirmed.

Rule to set off judgment held by defendant against plaintiff against a judgment held by plaintiff against defendant. The rule was made absolute by the court below. Plaintiff appealed.

The facts sufficiently appear in the opinion of the court.

*Error assigned* was making absolute the rule of defendant permitting him to set off judgment which he obtained by purchase seven months after the plaintiff had assigned his interest in suit against defendant.

*J. M. Moyer*, for appellant.—If the assignments are good, then the purchase by Chase of the Kennedy judgment for the purpose of set-off comes like the doctor at the funeral, too late.

As against Skinner, had he not previously assigned his interest in the Chase suit, the judgment not presented by way of set-off would be one thing, but as against Skinner's assignees it can only avail subject to their equities and rights: Weidner v. Schweigart, 9 S. & R. 387.

*Charles A. Chase*, for appellee.—The judgment was assigned to defendant who set it off against the judgment subsequently obtained against himself. He certainly had as much right to obtain redress as the original legal plaintiff who could have attached him as garnishee. The rule to set off one judgment against another had exactly the same effect as an attachment, was more expeditious, less expensive and placed the plaintiff under no disadvantage whatever: Hazelhurst v. Bayard, 3 Yeates, 152; Russell v. Spear, 4 W. N. C. 476; Rider v. Johnson, 20 Pa. 190.

If, however, the security offered as a set-off has been merely borrowed for the purpose, it will not be allowed: McGowan v. Budlong, 79 Pa. 472.

The power to set off judgments has been exercised immemorially, and arises from the court's equitable powers over its suitors: Garner v. Price, 4 Kulp, 10. See also discussion of the subject by Rice, P. J., in Shoemaker v. Flosser, 5 Kulp, 437.

It has been decided in the following cases that a judgment can be set off against a judgment notwithstanding equities in third parties: Stout v. Moore, 7 W. N. C. 456; Hazelhurst v. Bayard, 3 Yeates, 152; Waln v. Hews, 5 S. & R. 468; Cornwell's Appeal, 7 W. & S. 305.

Opinion by Rice, P. J., January 18, 1898:

On May 9, 1895, Frank Skinner sued George Chase, and on December 6, 1895, obtained judgment for want of an appearance.

On December 9, 1895, Chase applied to have the judgment opened. His application was granted, and on April 8, 1897, the plaintiff obtained a verdict for $223.97, upon which judgment was entered on April 13th.

On the following day (April 14th) Chase was granted a rule to show cause why a judgment entered in common pleas No. 1 in favor of Thomas Kennedy against Frank Skinner, and assigned by Kennedy to Chase on December 11th, should not be set off against the judgment against him. Depositions were taken, by which the following facts were established:

On December 16, 1895, Skinner borrowed of William P. Elder $200, and as collateral security for the loan (which was renewed in June, 1895), pledged his wife's diamond earrings, and assigned the above-mentioned claim against Chase. On January 6, 1896, this claim was marked of record to Elder's use; and so the record stood at the time of the trial and at the time the rule under consideration was granted. It appears, however, that on June 1, 1896, the loan was repaid by the check of Skinner's wife drawn upon her personal bank account, and the diamonds were returned to her. At the same time Elder executed the following receipt and assignment: "Received from Mrs. Sallie P. Skinner her check for two hundred dollars in full payment for a loan for that amount made by me to Frank Skinner on June 17, 1895. I hereby assign and transfer unto her all my interest in the claim of Frank Skinner against George Chase in common pleas No. 2, June term, 1895, No. 52, previously assigned and marked to my use as collateral security by Frank Skinner, the plaintiff, and all benefit to be derived therefrom and I direct that said claim be marked to the use of Sallie P. Skinner."

It is said that this transaction was a fraud concocted by Skinner for the purpose of hindering and delaying his creditors by the use of his wife's name; but this position is not sustained by any competent and satisfactory proof. On the contrary, the uncontradicted testimony is, that the diamonds were given to Mrs. Skinner by her father; that she had a separate estate which she inherited from him; that the money which she advanced to pay the Elder loan did not come from her husband, and that he has not repaid her.

It is urged, in the second place, that as she bought the judgment with notice that Chase owned the Kennedy judgment against her husband she took subject to the right of Chase to set off the latter judgment against the former. If she were a mere purchaser this would be true: Filbert v. Hawk, 8 W. 443;

Clement v. Philadelphia, 137 Pa. 328. But the equity of Mrs. Skinner antedates the formal assignment to her. It had its inception when she permitted her diamonds to be pledged as security for her husband's debt, which was before Chase bought the judgment that he asks to use a set-off. When she advanced the money to pay the debt she became entitled to be put in the place of the creditor, upon the established principle of equity that a surety, or one who stands in the situation of a surety for one whose debt he pays, is entitled to have the benefit of the collateral securities which the creditor has taken as an additional pledge for his debt. The assignment was but the formal recognition of that equity by the parties concerned.

Here, however, another difficulty is encountered. Chase bought the Kennedy judgment without any notice whatever that there was an outstanding equity in any one which would prevent him from setting it off against the judgment that was entered against him. Indeed, it was not until after this rule was made absolute that Mrs. Skinner filed her assignment or attempted to have the judgment marked to her use.

In view of these facts was Mrs. Skinner's equity superior to that of Chase, and was the court bound to recognize it in the present proceeding?

An assignee of a chose in action not negotiable takes it subject to all the defenses to which it was subject in the hands of the assignor, including the right of the debtor to set off any claim against the assignor before notice of the assignment: Rider v. Johnson, 20 Pa. 190; Smith v. Ewer, 22 Pa. 116; Keagy v. Com., 43 Pa. 70, 73. Proof of no notice of the assignment is not necessary to establish the right of set-off, but proof of notice is necessary to defeat the right: Burford v. Fergus, 165 Pa. 310. But a cross demand to be set off must belong to the defendant before suit brought: Pennell v. Grubb, 13 Pa. 552; Speers v. Sterrett, 29 Pa. 192; Gilmore v. Reed, 76 Pa. 462. For this reason alone Chase could not have offered the Kennedy judgment as a set-off on the trial of the issue. He nevertheless had a right to purchase it with a view to use it as a set-off against the judgment that had been entered against him or that might be entered after the trial of the issue. It was as available for that purpose as if he, personally, had obtained a judgment against Skinner on December 11, 1895, the date of

its assignment to him. Judgments are set off against each other, not by force of the defalcation act, but, as was said by Chief Justice GIBSON, " by the inherent powers of the courts immemorially exercised, being almost the only equitable jurisdiction originally appertaining to them as courts of law remaining:" Ramsey's Appeal, 2 W. 228; Jacoby v. Guier, 6 S. & R. 448; Filbert v. Hawk, 8 W. 443; Horton v. Miller, 44 Pa. 256; Hazelhurst v. Bayard, 3 Y. 152; Burns v. Thornburgh, 3 W. 78; Wellock v. Cowan, 16 S. & R. 318. The exercise of this power is not a mere matter of grace but is governed by equitable principles. The right of the defendant, although not secured by the statute, cannot be arbitrarily denied. Being so, one, not a party to the record, who sets up a prior equity to defeat it, may justly be required to show that he has omitted no duty. In discussing the right of defalcation under the statute, LEWIS, J., said: " If a debtor, in the lawful pursuit of his business, parts with his money or property in consideration of the transfer of a cross demand against his creditor, with a view to a set-off, it would be unjust to deprive him of this right by a previous assignment of which he had no notice at the time he parted with the consideration. He has as good a right to purchase a cross demand to extinguish the claim against himself by set-off, as he had to accomplish the same object by direct payment. In the latter case it is not pretended that he could be compelled to pay the debt a second time. The principle is precisely the same in each case. . . . The maxim, prior in tempore, potior in jure holds, it is true, whenever it has not been inverted by enactment, or where the benefit has not been lost by misconduct or imprudence; but it must not be allowed to protect a party who has neglected a requisite precaution to save others from imposition:" Rider v. Johnson, supra. These general principles are applicable here. The assignment to Chase antedated the assignment to Mrs. Skinner. He appears, therefore, to be prior in time. She sets up a prior secret equity, but of this he had no notice whatever. It would seem, therefore, that his equity is equal to hers, and as she had not filed her assignment, or attempted to make herself a party to the record, we are not prepared to say that the court improperly exercised its discretion in making the rule absolute.

" In cases such as this—appealing largely to the discretion of

the court below—where oral testimony of witnesses is frequently heard and passed upon, an opinion should always be filed by the court, setting forth, at least briefly, its findings of fact and the grounds of its decision: " Gump v. Goodwin, 172 Pa. 276.

Order affirmed and appeal dismissed at the cost of the appellant.