# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Leitz v. Hohman, Appellant.

*Set-off—Judgment—Judgment on contract against judgment on tort—Slander.*

In the exercise of a sound discretion and governed by equitable principles, the court may set off a judgment founded on a contract against a judgment recovered in an action sounding in a tort, such as slander.

Argued Nov. 12, 1902. Appeal, No. 91, Oct. T., 1902, by defendant, from order of C. P. Lancaster Co., Jan. T., 1902, No. 15, discharging rule to set off judgment against judgment in case of William Leitz v. John W. Hohman. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Rule to set off judgment against judgment.

The issue was whether a judgment entered on a contract in the court of common pleas of Lancaster county to January term 1893, No. 659, upon which there is due a balance of $3,329.73, with interest from August 15, 1896, and held by John W. Hohman against William Leitz, should be set off pro tanto against a judgment on a verdict for slander, entered in the court of common pleas of Lancaster county, to June term, 1897, No. 5, for $300, and costs, amounting to $223.18, making total sum of $523.18.

The court discharged the rule.

*Error assigned* was the order of the court

*I. C. Arnold* and *B. F. Davis,* for appellant.—A judgment may be set off against a judgment: Jacoby v. Guier, 6 S. & R. 448; Waterman on Set Off, 377, sec. 344; Temple v, Scott, 3 Minn. 419; Gardner v. Price, 4 Kulp, 10; Pignolet v. Geer, 1 Robinson (N. Y. Sup. Ct.), 626.

A judgment on contract may be set off against a judgment on a tort: Ainslie v. Boynton, 2 Barbour (N. Y.), 258; Pasek v. Vockroth, 13 Pa. C. C. Rep. 593; Riehl v. Vockroth, 1 Pa. Dist. Rep. 80; Rupp v. Swartz, 5 Del. Co. Rep. 333; Reardon v. Pierce, 1 Chester Co. Rep. 71; Johnson v. Hopkins, 1 Chester Co., 68.

*J. W. Brown* with him *D. McMullen,* for appellee.—A judgment founded upon a contract will not usually be set off against one founded upon tort, for upon one exemption may be claimed, while upon the other it may not: McCormick v. Alexander, 3 Pa. Dist. Rep. 149; Bosche v. Maurer & Rothermel, 5 Pa. C. C. Repr. 215; Higgins v. Dunkleberger, 9 Pa. Dist. Rep. 91; Windle v. Moore, 1 Chester Co. Rep. 69.

OPINION BY WILLIAM W. PORTER, J., December 13, 1902:

Leitz obtained a verdict and judgment against Hohmann for damages for slander. Hohmann held a judgment against Leitz founded on contract, for a much larger sum. Hohmann applied to the court for leave to set off, against the judgment of Leitz, so much of the judgment against Leitz, as should result in the satisfaction of the former. This application the court below refused.

Judgments are set off against each other not by force of statute but by the inherent powers of the courts immemorially exercised, being almost the whole equitable jurisdiction originally appertaining to them as courts of law. The exercise of the power is discretionary. It is not, however, a mere matter of grace. It is governed by equitable principles. The equity is founded in system and does not rest upon capricious or arbitrary discretion: Aber's Petition, 18 Pa. Superior Ct. 110; Skinner v. Chase, 6 Pa. Superior Ct. 279.

The court below bases the refusal of permission to set off the above judgments one against the other on two grounds.

The first because the judgment of Leitz is entered in an action sounding in tort and that of Hohman is based on contract. The second because the judgment held by Hohman is of such a character as makes it inequitable to permit its use as a set-off against a judgment in an action sounding in tort.

(1) There seems to be no decision of the appellate courts of this state upon the question whether a judgment founded on contract can be set off against a judgment recovered in an action sounding in tort. The weight of authority elsewhere however seems to be in favor of permitting the set-off. "Demands which in their nature cannot be made the subject of set-off—such as demands arising upon personal torts—as soon as they are put into judgment are placed upon the same legal footing as all other judgments, irrespective of the nature of the action in which they were recovered, or, in other words, all the peculiar features which may have characterized a claim, whether privilege or disability, are at once lost sight of and merged when judgment is perfected on it and the demand takes rank equally among all other judgments: " Waterman on Set-Off, 377, sec. 344; Puett v. Beard, 86 Indiana, 172; Quick v. Durham, 115 Indiana, 302 (16 N. E. Repr. 601); Temple v. Scott, 3 Minn. 419. See also Simson v. Hart, 14 Johns. (N. Y.) 63.

One reason for this is that the most the holder of a judgment (whether for damages for tort or based upon contract) can demand is payment and satisfaction by set-off is equitable payment. We can find no sufficient reason, in the case before us, for the refusal by the court of the set-off on the ground first stated. In saying this, however, we do not mean that the point is to be wholly excluded from the consideration of the chancellor in every case. It is possible, for example, were it shown that a judgment against an insolvent was purchased with the purpose of securing protection against damages for the commission of a premeditated tort, that within its equitable and discretionary powers the court might be justified in refusing the right to use such a judgment as a set-off against a judgment recovered on the tort. The proven wrongful intent would strip the purchaser of the judgment of his equity.

(2) The second ground for refusing to permit the set-off is not tenable. The judgment held by Hohman was sound.

Nothing was shown which attacked its standing.   The proofs seemed to indicate that some dealings between the parties in respect to a piece of real estate had resulted disadvantageously to Leitz.   The outcome was the judgment held by Hohman. But whether Hohman got an advantage in this transaction or not, the court could not find any reason for holding the judgment other than valid.    This being so, Hohman had the right to set it off pro tanto against the judgment held by Leitz.

The order of the court below is reversed and a procedendo is awarded to the end that an order may be made (in respect to the set-off claimed) in consonance with the views herein expressed.