## Fahey v. Howley, Appellant.

*Landlord and tenant—Replevin—Suit on replevin bond—Settlement—Parol evidence.*

Where the settlement of a suit on a replevin bond has been reduced to writing, an alleged oral agreement, so far as it may vary from the written settlement, falls within the rules relating to the alteration of written instruments by parol evidence.

*Landlord and tenant—Replevin—Suit on replevin bond—Settlement—Set-off of jugdment against judgment—Parol agreement—Evidence.*

Where a landlord enters a judgment against his tenant upon a confession in the lease, and subsequently an action brought by the tenant against the landlord on the replevin bond is settled in writing by a confession of judgment for a sum stated, and the writing contains no waiver on the part of the landlord of his right to set off his judgment against the judgment confessed, and there is nothing to show that such waiver had been omitted by fraud, accident or mistake, or in fact that there had been any parol waiver, the landlord's judgment may be set off against the judgment confessed by him.

Argued Jan. 17, 1903. Appeal, No. 5, Jan. T., 1903, by defendants, from order of C. P. Lackawanna Co., Nov. T., 1899, No 218, discharging rule to set off judgment against judgment in case of John J. Fahey, Sheriff to use of Scranton Knitting Company, v. John J. Howley and Anthony J. Howley. Before BEAVER, SMITH, W. W. PORTER, W. D. PORTER and MORRISON, JJ. Reversed.

Assumpsit on a replevin bond.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the order of the court.

*C. Balentine*, of *Balentine & Howell*, for appellants.—Judg-

ments are set off against each other by the inherent powers of the court immemorially exercised : Hazlehurst v. Bayard, 3 Yeates, 152 ; Jacoby v. Guier, 6 S. & R. 448 ; Ramsey's Appeal, 2 Watts, 228 ; Burns v. Thornburgh, 3 Watts, 78 ; Besa v. Lawson, 1 Miles, 11 ; Horton & Heil v. Miller, 44 Pa. 246 ; Skinner v. Chase, 6 Pa. Superior Ct. 279 ; Aber's Petition, 18 Pa. Superior Ct. 110.

The right of set-off can only be waived by express contract : Henniss v. Page, 3 Wharton, 275 ; Reed v. Penrose, 36 Pa. 214 ; Lloyd's App., 95 Pa. 518.

*C. N. Willard,* of *Willard, Warren & Knapp,* with him *O. B. Partridge,* for appellee.

OPINION BY SMITH, J., March 12, 1903 :

In 1892, the Scranton Knitting Company became the lessee of certain premises, and in August, 1894, John J. Howley acquired the reversion from the lessor.

In November, 1894, Howley began an action of replevin against the knitting company which, in June, 1896, was determined in favor of the defendent.

April 8, 1897, Howley obtained a judgment against the knitting company upon a confession in the lease, for $200, arrears of rent, and in May following $25.96 of this was collected on execution.

In 1899, the knitting company began an action against Howley on the replevin bond, which was settled, September 16, 1901, by a confession of judgment by Howley for $200.

October 15, 1901, Howley obtained a rule to show cause why his unsatisfied judgment for rent should not be set off against the judgment on the replevin bond, alleging that the knitting company had no property of any kind and was no longer carrying on any business. The knitting company in reply, alleged that the action on the replevin bond was compromised by the company's agreement to accept $200 and the record costs in full settlement of all matters between the company and Howley, with the express agreement and understanding that the amount should be paid in cash ; that this agreement was made by the counsel for the parties, and provided for a cash settlement ; and that the claim on the replevin bond, which was much larger in

474 FAHEY v. HOWLEY, Appellant.

Opinion of the Court—Dissenting Opinion. [22 Pa. Superior Ct.

amount, would not have been compromised on any other terms. There was no denial, however, of the insolvency of the company. No replication was filed by Howley, and the cause was heard on petition and answer. The court below discharged the rule, on the ground that "after considering the facts of the case, we have come to the conclusion that the defendant (Howley) is not entitled to the relief he prays for."

The settlement of the suit on the replevin bond, signed by the attorneys of the parties, was in the following terms:

"Now, November 16, 1901, this case is settled at $200 as against the defendant John J. Howley, who hereby confesses judgment for said sum; the other defendant being released from all claims in this case, and plaintiff agrees to file no witness fee bill in the case."

The terms of settlement having been put in writing, the alleged oral agreement, so far as it may vary therefrom, falls within the rules relating to the alteration of written instruments by parol evidence. A confession of judgment implies payment in cash, an implication subject, however, to any legal or equitable right of the defendant to pay otherwise. One mode of payment is by setting off a judgment against the plaintiff, held by the defendant. In Skinner v. Chase, 6 Pa. Superior Ct. 279, and in Aber's Petition, 18 Pa. Superior Ct. 110, the subject of setting off one judgment against another was exhaustively discussed by the learned president of this court; and the authorities were reviewed with a care and thoroughness, and the rights of the parties defined with a clearness and precision, that leave nothing to be added. Upon the principles that governed the determination of those cases, the right of set-off here contended for is undeniable. It can be defeated only by express contract waiving the right: Reed v. Penrose, 36 Pa. 214; Lloyd's Appeal, 95 Pa. 518. Howley's judgment could legally have been set off in the action on the replevin bond, and he had an equitable right to apply it in satisfaction of the judgment confessed in that action. No waiver of this right is found in the written settlement, and its omission is not shown or alleged to have been due to fraud, accident or mistake. Nor, indeed, do the affidavits of the appellee and its attorney establish the fact of a parol waiver. So far as appears, nothing was said respecting a set-off, and Howley's judgment

was not even mentioned. It is impossible to see, in the terms of the alleged parol agreement or understanding as to payment, any waiver, which the law recognizes, of Howley's right to use his judgment for that purpose. The right of each party to set off the judgment against the other remains unimpaired.

The order discharging the rule is reversed; the rule is reinstated and made absolute; and the record is remitted to the court below, with directions to carry this order into effect.