Snyder et al. *v.* Southwestern National Bank,
Appellant.

Argued May 15, 1928. Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, KEPHART, SADLER and
SCHAFFER, JJ.

(1)

*Thomas F. Gain,* with him *G. Ayres Swayze,* for appellant.—Notwithstanding the deposit of the certificates by Brown and Stevens with the state treasurer, the bank has the right to apply its indebtedness on the certificate against the larger indebtedness owing by Brown and Stevens to the bank: Schwartz's App., 291 Pa. 463.

The certificates of deposit were not negotiable instruments: Patterson v. Poindexter, 6 W. & S. 227; Charnley v. Dulles, 8 W. & S. 353; Gillespie v. Mather, 10 Pa. 31; Lebanon Bank v. Mangan, 28 Pa. 452; Loudon S. Fund Society v. Hagerstown Bank, 36 Pa. 498; Bank v. Title & Trust Co., 105 Fed. 491; Forrest v. Banking & Trust Co., 174 Fed. 345; Gratz v. Ins. Co., 282 Pa. 224.

The negotiable instruments Act of 1901 does not change the rule of law in this State regarding the non-negotiable character of certificates of deposit.

The transfer to the state treasurer was not a negotiation of the certificates, and he was not a holder in due course.

Defendant would not be affected by the transfer or assignment of the certificates to the state treasurer until it received actual notice of the fact that such assignment had been made: Skobis v. Ferge, 102 Wis. 122; Gaullagher v. Caldwell, 22 Pa. 300; Smith v. Ewer, 22 Pa. 116; Hoverter v. Consedine, 82 Pa. Superior Ct. 294.

*Paul VanReed Miller,* with him *Fred Taylor Pusey,* for appellee.—These certificates of deposit were issued by defendant in due course for a valuable consideration; were paid for in full, and in themselves represent valid obligations of defendant.

Defendant cannot set off against these certificates in the hands of an assignee claims against the payee of the certificates which accrued subsequent to the defendant's receipt of notice of the assignment: Phillips v. Bank, 18 Pa. 394; Gaullagher v. Caldwell, 22 Pa. 300; Tritts, Admr. v. Colwells, Admr., 31 Pa. 228; Henry v. Brothers, 48 Pa. 70; Burford v. Hazlett, 165 Pa. 310; Hoverter v. Consedine, 82 Pa. Superior Ct. 294.

Defendant had notice of the assignment of these certificates of deposit with the state treasurer at the time of their issuance.

The decision in the case of Cosmopolitan State Bank certificate of possession: Schwartz's App., 291 Pa. 463, does not rule this case.

OPINION BY MR. JUSTICE SCHAFFER, June 30, 1928:

This action was brought by the receiver in bankruptcy of Brown & Stevens, private bankers, against Southwestern National Bank to recover the amount of two certificates of deposit which it issued to Brown & Stevens, one for $9,000, and the other for $25,000. The case was heard by the trial judge without a jury and his finding was for plaintiff for the full amount claimed. From the judgment entered defendant appeals.

There is no dispute as to the facts and only a single question is involved: Should defendant have been permitted to set off indebtedness incurred by Brown & Stevens to it subsequent to the date of the certificates? The learned court below decided against the set-off; its conclusion was correct.

The certificates are similar in form. The first one issued is as follows:

"608. The Southwestern National Bank
 Broad and South Sts.
"Certificate of Deposit.

 "Philadelphia, March 11, 1918.
"Brown and Stevens has deposited in this Bank. Pay
$9,000, and 00 cts. Dollars, payable to the order of
themselves on the return of this certificate, properly
endorsed. Interest payable to Brown & Stevens without
the return of this certificate from the State Treasurer.
$9,000. WM. J. BARR,
 Prest."

The certificates had both been obtained by Brown &
Stevens for the purpose of depositing them with the
State Treasurer as part of the collateral required of
private bankers by the Act of June 19, 1911, P. L. 1060,
section 1. They were endorsed by Brown & Stevens to
the order of the State Treasurer and by him to the
order of the Secretary of Banking. Brown & Stevens
suspended payment in February, 1925, the Secretary of
Banking filed a certificate of insolvency against them
and took possession of their assets and thereafter the
use plaintiff was appointed receiver in bankruptcy for
them and to him the certificates were surrendered.

When demand was made upon defendant bank for
payment of the certificates, it refused to honor them,
asserting the right to set off indebtedness due to it by
Brown & Stevens created after their date and issue
and exceeding them in amount. In their brief, appel-
lant's counsel,—while necessarily admitting the wording
of the certificates showing that they were to go to the
state treasurer and not denying that there was evidence
that when each certificate was issued one of the part-
ners of Brown & Stevens informed defendant's presi-
dent of their intention to place it with the state
treasurer,—take the position that because there was no
evidence that the bank had ever received notice or had
knowledge that the certificates *had in fact* been de-

posited by Brown & Stevens with the state treasurer, there was no notice to the bank of their actual assignment. Until such notice was received, the assignee's rights were not fixed, they contend, and the bank had the legal right to continue to deal with Brown & Stevens as the parties to whom it was indebted upon the certificates and could avail itself of any defenses, by way of set-off, which it had acquired against them before the receipt of notice of the assignment of the certificates, which it is alleged was not until March 25, 1925, when all of the indebtedness claimed to be set off had accrued. In support of their contention, appellant's counsel cite Skobis v. Ferge, 102 Wis. 122; Gaullagher v. Caldwell, 22 Pa. 300; Smith v. Ewer, 22 Pa. 116, and other cases, holding that the assignment of a chose in action imposes no duty on a debtor until he has notice of it. This is a correct statement of the law when applied to facts which it fits, but here we have the circumstance that the debtor issued its obligations for a specific purpose with notice of the use to be made of them, which it recognized in writing on the face of the certificates themselves. The court below found, with all the effect of a jury's verdict, that, "at the time of the issuing of these two certificates of deposit respectively, the president of the defendant company was told of the purpose for which these certificates when issued were to be used." The evidence fully justified this finding. The bank could not defeat the purpose by subsequently advancing money to the payees. In addition, upon the face of the instruments themselves the bank had indicated that the state treasurer was to hold them. Under these circumstances, notice to the debtor arose the instant it executed the certificates. Any subsequent dealings between the parties could not impress upon the documents so held by the state treasurer something other than their tenor imported. There was notice to the bank of the intended assignment at the time it issued the obligations; after notice of an assignment of an instrument

the party liable thereon cannot set off claims subsequently accruing against the assignor: Philips v. Bank of Lewistown, 18 Pa. 394; Gaullagher v. Caldwell, 22 Pa. 300; Henry v. Brothers, 48 Pa. 70; Burford v. Hazlett, 165 Pa. 310; 34 Cyc. 747. "When he [the debtor] has reason to believe that another has become the owner of the choses, and, uninfluenced by that belief, makes payment to the original creditor, he cannot aver that he has been guiltless": Tritt's Admr. v. Colwell's Admr., 31 Pa. 228.

Appellant's counsel argue that the case at bar is ruled by Schwartz's App., 291 Pa. 463. That decision is in no way controlling. No question of assignment or notice thereof was raised in that proceeding. The question there decided was whether the defendant's general right of set-off was defeated by the fact that, as between the payee of the certificate and other third parties, it had become impressed with a trust. In that case there was serious doubt as to the integrity of the transaction between Brown & Stevens and the Cosmopolitan Bank and it was determined that, under the peculiar circumstances which existed between the two banks, they were not depositors with depositors' preferential status at all. This was the real point of the decision.

Certain other questions are discussed in the briefs, but they are not controlling and need not be considered.

The judgment is affirmed.