Palmer for Use *v.* Heath, Appellant.

Submitted April 9, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Chas. P. Hewes,* for appellant.

*Elmer L. Evans,* and with him *Clarence T. Bryan* of *Bryan and Evans.*

OPINION BY STADTFELD, J., October 1, 1934:

This is an appeal by defendant, Heath, from the decree of the court discharging a rule to show cause why defendant should not be permitted to set off against the judgment entered in the above entitled case, certain judgments held by said Heath against R. E. Palmer, legal plaintiff.

The judgment in said case was entered on August 16, 1932, on a certain note under seal containing warrant of attorney authorizing confession of judgment, executed by C. H. Heath and dated November 7, 1930, calling for the payment of $375 six months after date. The note was assigned and payment thereof guaranteed by R. E. Palmer to the Conewango Furniture Company and judgment entered for its use.

The petition to open sets forth that the note in question was transferred by the said R. E. Palmer, payee, before maturity, as collateral security for an existing debt; that on December 31, 1930, defendant petitioner entered certain judgments against the said R. E. Palmer on notes dated July 30, 1929 in an amount largely in excess of the judgment in this case, all of which remains unpaid except a pro rata allowance of $2,000 out of the assets of the said R. E. Palmer, now bankrupt. The petition prayed for an order setting off any one of said judgments to the extent necessary against the judgment of plaintiff.

The answer ex parte use-plaintiff avers that the defendant, C. H. Heath, was landlord of the building

occupied by R. E. Palmer in Corry, Pennsylvania, on November 7, 1930, and at that time the Conewango Furniture Company was pressing said R. E. Palmer for the payment of an account owed by him to said company; that in order to save R. E. Palmer a suit on the account and protect him as a tenant in Heath's building, C. H. Heath executed the note in question with the understanding and knowledge that R. E. Palmer would endorse the same immediately to the Conewango Furniture Company in payment of its claim against Palmer; that the Conewango Furniture Company accepted the note so endorsed on November 7, 1932, in accordance with the agreement made between C. H. Heath and R. E. Palmer, at the time it was given. Depositions taken ex parte use-plaintiff, sustain the averments of the answer.

The sole question is whether, under these circumstances, Heath should be allowed to set-off against a judgment now owned by the Conewango Furniture Company, judgments which Heath holds against Palmer.

Mutual demands do not necessarily extinguish each other by operation of law. Set-off is permissive, not compulsory: Hines v. Burwitz, 8 Watts. 39; Leitz v. Hohman, 22 Pa. Superior Ct. 1.

Heath, by giving this note to Palmer, when Palmer owed him money, clearly indicated no intention of set-off. Had he so intended there would have been no reason for him as creditor to give a note to Palmer, his debtor. The note was given with the knowledge of its intended immediate transfer to the Conewango Furniture Company in payment of past indebtedness and to secure future credit. To permit Heath, under the circumstances, to set-off against this indebtedness, indebtedness of Palmer to him would be a fraud on the Conewango Furniture Company to which this court should not lend its aid. In 57 Corpus Juris, 502,

it is stated, "A debtor may waive the right to use a set-off against the assignee," citing Henniss v. Page, 3 Wharton 275, wherein our Supreme Court said: "The statutes of set-off are intended for the benefit and protection of defendants; and it is grown up a maxim in the law, that a person may waive a statute intended for his benefit. *Quilibet potest renunciare juri pro se inducto.* It is optional with defendants to avail themselves of the statutes of set-off; and if they choose to preclude themselves from this advantage, at the time, or by a previous agreement, why may they not be permitted to do so? Each party consults his own interest in the agreement, and it is best to leave parties at full liberty to make their own contracts, unless opposed to some principle of policy or good morals. . . . . . . In my opinion, a Court of Justice is never better employed, than in sustaining the principles of good faith, and in discountenancing fraud, or breach of contract."

Appellant invokes the Act of April 26, 1855, P. L. 308, (Statute of Frauds) that no parol testimony can be admitted to establish a guaranty or engagement to pay the indebtedness of another when it exceeds twenty dollars. We do not think that the act applies. The note is an agreement to pay at maturity. It was executed with the specific understanding that it was to be immediately assigned to the Conewango Furniture Company. The assignment of the note was made in writing in pursuance of this understanding. The entire contract is therefore in writing. In addition there was a personal advantage to Heath to enable Palmer to continue in business, to prevent suits against Palmer, because the latter was heavily indebted to him, as well as being a tenant of Heath.

Heath could not by subsequently advancing money or credit to Palmer, after knowledge of the purpose for which the note was given, defeat the purpose of

the execution of the note and the assignment thereof. Under the circumstances, notice to Heath arose the instant he executed the note. Snyder v. Southwestern Nat. Bank, 294 Pa. 1, 143 A. 206.

The consideration to support the contract may be established by parol: Moore v. Eisaman, 201 Pa. 190, 50 A. 982; Title Guaranty & Surety Co. v. Lippincott, 252 Pa. 112, 97 A. 201. As stated by Mr. Justice MOSCHZISKER, in the case last cited, on p. 117: "It is to be noted that the Act of 1855, supra, does not require that the whole agreement upon which the action is brought shall be reduced to writing, but merely 'some memorandum or note thereof shall be in writing.' After giving the general rule that oral evidence cannot ordinarily be accepted to supply deficiencies in the writing sued upon, 20 Cyc. 318 states: 'However this rule does not prevent the admission of oral evidence to show the circumstances under which the contract was made ...... or to show to what subject-matter ...... it applies ...... and separate writings may be connected by oral evidence, provided they contain certain internal reference to each other.' "

It is admitted that the note which was assigned to the use-plaintiff is a non-negotiable instrument, and the Negotiable Instrument Law does not apply; but it was also established that there was a special consideration passing to the maker of the note when it was executed and delivered for the very purpose of protecting the use-plaintiff. The endorsement operated as an assignment of the note, and the special agreement precluded the maker from asserting any right of set-off.

Under the circumstances of the case we cannot say that the lower court abused its discretion in refusing to allow the set-off and discharging the rule.

The assignments of error are overruled and judgment affirmed.